**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
DISTRICT JUDGE K. MICHAEL MOORE
MAGISTRATE JUDGE LAUREN F. LOUIS
CASE NO: 1:23-CV-21082-KMM**

WENZHOU DELANG IMP. & EXP.
TRADE CO., LTD., a Chinese limited
liability company,

        Plaintiff,                    CASE NO: 1:2023-cv-21082-KMM

v.

ZIGI USA LLC, a Florida limited liability
company,

        Defendant.

_____/

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST ZIGI
USA, LLC AS TO COUNT 1 OF THE COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

       Plaintiff, Wenzhou Delang Imp. & Exp. Trade Co., Ltd., ("Wenzhou" or "Plaintiff"),

pursuant to *Fed R. Civ P.* 56, files this Motion for Partial Summary Judgment ("Motion") against

Defendant, Zigi USA LLC ("Zigi" or "Defendant"), for partial summary judgment concluding that

Zigi breached its agreement with Wenzhou under the United Nations Convention on Contracts for

the International Sale of Goods ("CISG"), a copy of which is attached for ease of reference as

Exhibit "A," and is liable to Plaintiff for damages as alleged in Count 1 of the Complaint (ECF

#1).

       Plaintiff asks for a partial summary judgment against Defendant, with damages, as to Count

1 of the Complaint (ECF No. 1) in the form being sent to moore@flsd.uscourts.gov or in a form

acceptable to the Court, reserving jurisdiction for issues remaining in the case, including, but not

limited to, Wenzhou's right to and amount of prejudgment interest, attorney's fees and costs.

1

In support of this Motion, Plaintiff relies on (a) the Complaint (ECF No. 1), and (b) the facts contained and supported in its Statement of Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment against Zigi USA, LLC as to Count 1 of the Complaint ("Statement of Material Facts"), filed contemporaneously with this Motion as required by S.D. Fla. L.R. 56.1. The Statement of Material Facts is supported by the facts contained in the (a) October 23, 2023, Affidavit and Declaration of Jian Huang in Support of Plaintiffs' Motion For Partial Summary Judgment Against Zigi USA, LLC as to Count I of the Complaint ("Huang Affidavit"), (b) October 23, 2023, Affidavit and Declaration of Jin Quan in Support of Plaintiffs' Motion For Partial Summary Judgment Against Zigi USA, LLC as to Count I of the Complaint ("Quan Affidavit"), respectively Plaintiff's general and sales managers, (c) facts for which Plaintiff filed Plaintiff's Request for Judicial Notice contemporaneously with this motion, (d) October 31, 2023, Deposition of Marc Bernard, Zigi's COO, and (e) November 15, 2023, Supplemental Affidavit and Declaration of Jian Huang in Support of Plaintiffs' Motion For Partial Summary Judgment Against Zigi USA, LLC as to Count I of the Complaint, attached to the Statement of Material Facts, respectively, as Exhibits "A" -"E."

As grounds for the Motion, Wenzhou, respectfully shows the following:

**INCORPORATED MEMORANDUM**

**A.      Supported Pleadings**

Wenzhou, a Chinese limited liability company with its principal place of business in the People's Republic of China, and Zigi, a Delaware limited liability company with its principal place of business in Miami-Dade County, Florida, entered into an agreement for Zigi to purchase and Wenzhou to sell goods, shoes, which Zigi intended to resell to its customers and which were not bought for the personal, family or household use of Zigi. *See* Complaint (ECF No. 1) at ¶¶1, 2, 7

2

and 8; Statement of Material Facts at ¶¶3-7. "Purchase orders under and subject to the agreement were subsequently entered into." *See* Complaint (ECF No. 1) at ¶9; Statement of Material Facts at ¶¶5, 7. For a form of those purchase orders, see Exhibit "A" to both the Huang Affidavit and Quan Affidavit, Exhibits "A" and "B" to the Statement of Material Facts. This court has federal question jurisdiction under 28 USCS § 1331, because the rights of Plaintiff, Wenzhou, arise under and pursuant to the [CISG] which is a self-executing treaty ratified by the United States Senate which created a private right of action in federal court, *See, e.g., generally Asante Techs. v. PMC-Sierra, Inc.*,164 F. Supp. 2d 1142, (N.D. Cal. 2001). *See also* Complaint (ECF No. 1) at ¶3; Statement of Material Facts at ¶5; Req. Jud. Not. at ¶4.

 "Pursuant to the CISG, Article 11, the contract of sale need not be concluded in or evidenced by writing and is not subject to any other requirement as to form." "It may be proved by any means," including "purchase orders between Defendant and Plaintiff, the communications between them, their course of dealings, performance, and/or through witnesses," *See* Complaint (ECF No. 1) at ¶10; CISG Art. 11. *See also, e.g., Asia Telco Techs. v. Brightstar Int'l Corp.*, 2015 Case No. 15-20608-Civ-Scol, 2015 U.S. Dist. LEXIS 178099, at *9 (S.D. Fla. Aug. 20, 2015).

Finally, Count 1 alleges and the facts support that, pursuant to the CISG, "Plaintiff, Wenzhou, delivered goods to Defendant, Zigi, as agreed," but that Zigi breached the agreement by failing to pay Plaintiff in full for some goods, thereby damaging Plaintiff in the amounts indicated in Exhibit "A" attached to the Complaint (ECF No.1), $1,158,767.35. *See* Complaint (ECF No. 1) at ¶¶7-14; Statement of Material Facts at ¶¶7-10. Count 1 demands judgment for Plaintiff, Wenzhou, against Defendant, Zigi, for damages, prejudgment interest, costs and any further relief the court finds appropriate.

No answer has yet been filed. On April 11, 2023, Zigi filed a motion to dismiss (ECF No.

11) the Complaint (ECF No. 1), to which Wenzhou filed a memorandum in opposition (ECF No. 15) on April 17, 2023.  The Court has not yet rendered a decision on the motion to dismiss.

**B.**     **Summary Judgment Standard**

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the *Celotex* trilogy, and their progeny require granting this Motion. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action." *Celotex,* 477 U.S. at 327 (quoting *Fed. R. Civ. P.* 1). "[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 255.

The test for whether a genuine issue of fact exists is whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 258. So, for example,

> When considering the evidence, courts generally must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the [summary judgment] motion." *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (citation and internal quotation marks omitted) (alteration in original). However, facts need not be viewed in the light most favorable to the nonmoving party where a dispute over those facts is not "genuine." *Id. at 380.* "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

*Martin v. Allstate Prop. & Cas. Ins. Co*., 794 Fed. Appx. 883, 886 (11th Cir. 2019).[1]

---

[1] On summary judgment, a court's function is "to determine whether there is a genuine issue for trial;" "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," if the case were jury tried. *Anderson*, 477 U.S. at 249

However, a movant that does not bear the burden of persuasion or proof at trial can also obtain summary judgment without disproving the nonmovant's case. Under *Celotex*, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case. " *Celotex,* 477 U.S. at 325. See also *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1437-1438 (11th Cir. 1991) (citing *Celotex*, 477 U.S. at 323, for the proposition that "[i]f the nonmoving party fails to 'make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof,' the moving party is entitled to summary judgment." *See also City of S. Miami v. DeSantis,* 508 F. Supp. 3d 1209, 1221 n. 10 (S.D. Fla. 2020) (quoting *Celotex*, 477 U.S. at 323, and granting and denying in part plaintiff's motion for summary judgment and denying defendant's motion for summary judgment).

As a consequence, because Zigi has not pled affirmative defenses, and even if it had, Wenzhou does "not have to adduce affirmative evidence to disprove" any defense Zigi might allege. Although Plaintiff has filed affidavits supporting this Motion, there is no requirement that Wenzhou "support its motion with affidavits, declarations pursuant to 28 USCS § 1746 or other similar materials negating Zigi's possible, or even actual, defenses. *See, e.g., Celotex,* 477 U.S. at

---

(citing *First Nat'l Bank of Arizona v. Cities Serv. Co*., 391 U.S. 253, 288-289 (1968)). If a party "moves for summary judgment . . . the judge's inquiry . . . unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *See, e.g., Langston v. ACT*, 890 F.2d 380, 383 n. 7 (11th Cir. 1989) (quoting *Anderson*, 477 U.S. at 252 (in turn citing *Improvement Co*. v. *Munson,* 14 Wall. 442, 448 (1872)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *See, e.g., Levin v. Palm Beach Cty.,* 752 Fed. Appx. 734, 738 (11th Cir, 2018) (citing *Matsushita Elec. Indus. Co*., 475 U.S. at 587 (in turn citing Cities *Cities Serv. Co.,* 391 U.S. at 289) (Emphasis added). The Statement of Material Facts filed with the instant Motion contains "particular parts of materials in the record" showing why Zigi cannot genuinely dispute the preponderance of the evidence against it as to Count 1 of the Complaint (ECF No.1) and why any materials which it may "cite do not establish . . . presence of a genuine dispute."

323.

Even if Zigi was to indicate some fact in opposition to this Motion, that, too, does not require that this Motion be denied.  By its very terms, the summary judgment standard "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Pesci v. Budz*, 935 F.3d 1159, 1165 (11th Cir. 2019) (quoting *Anderson*, 477 U.S. at 247-248). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  *Cutler Bay Apts., LLC v. Bank of Am., N.A.*, 805 Fed. Appx. 996, 1000 (11th Cir, 2020) (quoting *Anderson*, 477 U.S. at 249-250).[2] Likewise, if the factual context renders Defendant's defenses implausible, Zigi, as respondent to this Motion, "must come forward with more persuasive evidence to support [its] claim than would otherwise be necessary." *See, e.g., Matsushita Elec. Indus. Co., 475 U.S.* at 587.

Because "there is no genuine issue as to any material fact" and because Wenzhou "is entitled to judgment as a matter of law" as to Count 1, "[t]he inquiry to be performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party*." Anderson*, 477 U.S. at 250, 258 (Emphasis added). *See also FTC v. Lalonde,* 545 Fed. Appx. 825, 836 (11th Cir. 2013). For a

---

[2] Under *Fed. R. Civ. P.* 56, summary judgment may no longer be denied because there is a *scintilla* of evidence in support of a case; "recent decisions of high authority have established a more reasonable rule, that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Anderson*, 477 U.S. at 251 (noting at pages 251-252 that the inquiry for a directed verdict and for summary judgment "is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").  Judges are no longer to submit "a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party." *Id*. at 251 (quoting *Improvement Co.,* 14 Wall. at 448).

dispute to be genuine "there must be more than 'some metaphysical doubt as to the material facts.'" *Anderson*, 477 U.S. at 261 (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 586).

## C.    Applicability of the CISG, generally

The sale of goods in this matter was from China to the United States. *See* Statement of Material Facts at ¶¶3-5.  Consequently, the sale is governed by the CISG, because "China and the United States are both signatories to the CISG;" "[a]s a treaty to which the United States is a signatory, the CISG is federal law" and "governs the formation of and rights and obligations under contracts for the international sale of goods."   *See, e.g., Strategy Enters. Ltd. v. Zigi USA LLC*, CASE NO. 21-23965-CIV-ALTONAGA/Torres, 2021 U.S. Dist. LEXIS 247530, at *4 (S.D. Fla. Dec. 29, 2021) (quoting *Caterpillar, Inc. v. Usinor Industeel*, 393 F. Supp. 2d 659, 673 (N.D. Ill. 2005)); *Asia Telco Techs.*, Case No. 15-20608-Civ-Scola.2015 U.S. Dist. LEXIS 178099, at **5, 7 n.3, and 8-9 (S.D. Fla/ August 20, 2015); *Weihai Textile Group Imp. & Exp. Co. v. Level 8 Apparel*, 11 Civ. 4405 (ALC)(FM), 2014 U.S. Dist. LEXIS 53688, at **15, 16 (S.D.N.Y. Mar. 28, 2014) (citing S. Treaty Doc. No. 9, 98th Cong., 1st Sess. 22 (1983), 19 I.LM. 671, reprinted at 15 U.S.C. app. (1997) and holding the CISG is "a self-executing treaty, binding on all signatory nations, that creates a private right of action in federal court under federal law").  The CISG "sets out substantive provisions of law to govern the formation of international sales contracts and the rights and obligations of the buyer and seller."  *See, e.g., Am's Collectibles Network, Inc. v. Timlly (HK)*, 746 F. F. Supp. 2d 914, 918 (E.D. Tenn. 2010).  If a contract for the sale of goods from one signatory country to another "exists, it must be governed by the CISG."  *Asia Telco Techs.*, 2015 U.S. Dist. LEXIS 178099, at **11-12 (cited in *Strategy Enters. Ltd.,* 2021 U.S. Dist. LEXIS 247530, at *5).  The parties to a contract subject to the CISG have a duty to comply with its requirements.

7

**D.     Particular application of the CISG to the instant facts**

**1.  The Instant Contract**

"A plaintiff asserting a breach of contract claim under the CISG must show: '(1) the existence of a valid and enforceable contract containing both definite and certain terms, (2) performance by plaintiff, (3) breach by defendant and (4) resultant injury to plaintiff.'" *Ningbo Yang Voyage Textiles Co. v. Sault Trading*, 18-CV-1961 (ARR) (ST), 2019 WL 5399973, 2019 U.S. Dist. LEXIS 155405, at *7 (E.D.N.Y. Sept. 10, 2019) (quoting *Magellan Int'l Corp. v. Salzgitter Handel GmbH*, 76 F. Supp. 2d 919, 924 (N.D. Ill. 1999) and citing CISG, Art. 74). *See also e.g., Supercase Enter. Co. v. Marware, Inc*., CASE NO. 14-61158-CIV-DIMITROULEA, 2014 WL 12495261, 2014 U.S. Dist. LEXIS 195225, at *12 (S.D. Fla. Nov. 24, 2014).

Article 8 of the CISG directs courts to consider extrinsic evidence of the parties' intent.  It says,

> (1) For the purposes of this Convention statements made by and other conduct of a party are to be interpreted according to his intent where the other party knew or could not have been unaware what that intent was.
> (2) If the preceding paragraph is not applicable, statements made by and other conduct of a party are to be interpreted according to the understanding that a reasonable person of the same kind as the other party would have had in the same circumstances.
> (3) In determining the intent of a party or the understanding a reasonable person would have had, due consideration is to be given to all relevant circumstances of the case including the negotiations, any practices which the parties have established between themselves, usages and any subsequent conduct of the parties.

Under Article 11 of the CISG, "[a] contract of sale need not be concluded in or evidenced by writing and is not subject to any other requirement as to form," and "[i]t *may be proved by any means*, including witnesses."  (Emphasis added).  "[T]he CISG, unlike American contract law, includes no parol-evidence rule, and 'allows all relevant information into evidence even if it contradicts the written documentation.'"  *Weihai Textile Group Imp. & Exp. Co.*, 2014 U.S. Dist.

LEXIS 53688, at *25 (citing *TeeVee Toons, Inc. v. Gerhard Schubert GmbH*, No. 00 Civ. 5189 (RCC), 2006 WL 2463537, 2006 U.S. Dist. LEXIS 59455, at *7 (S.D.N.Y. Aug. 23, 2006) (citation omitted). A statute of frauds is not applicable under the CISG.  *See, e.g., Texmont Design LTD v. Halston Operating Co. LLC*, Case No.: CV 18-10164-CJC (GSJx), 2023 U.S. Dist. LEXIS 132779 (C.D. Cal June 21, 2023) (granting a motion in limine excluding evidence because a "statute of frauds defense is irrelevant); *It's Intoxicating, Inc. v. Maritim Hotelgesellschaft mbH*, Civil No. 11-CV-2379, 2013 WL 3973975. 2013 U.S. Dist. LEXIS 107149, at *51 (M.D. Pa. July 31, 2013)). Consequently, under the CISG, a contract may be modified by the oral agreement of the parties without a writing.  *See, e.g., Weihai Textile Group Imp. & Exp. Co.*, 2014 U.S. Dist. LEXIS 53688, at **16-17.  The CISG " allows the Court to consider statements or conduct of a contracting party to establish, modify, or alter the terms of a contract." *See, e.g., Miami Valley Paper, LLC v. Lebbing Eng'g & Consulting GmbH*, 1:cv- 05-702, 2010 U.S. Dist. LEXIS 159825, *5 (S.D. Ohio February 2, 2010)..

Pursuant to CISG Art. 8 and CISG Art. 11, there is a contract between Wenzhou and Zigi "proven by a document, oral representations, conduct, or some combination of the three," *see, e.g., Geneva Pharms. Tech. Corp. v. Barr Labs., Inc*., 201 F. Supp. 2d 236, 281 (S.D.N.Y. 2002); Statement of Material Facts at ¶¶7-9.  "The usages and practices of the parties or the industry are automatically incorporated into any agreement governed by the [CISG], unless expressly excluded by the parties." *Id.* (citing CISG Art. 9). Here, the contract is evidenced by the delivery of the goods by Wenzhou to Zigi pursuant to purchase orders.  *See* Statement of Material Facts at ¶¶8, 9. Zigi has not returned, attempted to return or notified Wenzhou that it wished to return any of the goods delivered by Wenzhou to Zigi, and Zigi has not made restitution of the goods substantially in the condition in which it received them.  *See* Statement of Material Facts at ¶22, 25.

Article 53 of the CISG requires Zigi to "pay the price for the goods and take delivery of them as required by the contract and [the CISG]." *See also* CISG Art. 62. Article 58(1) states that "[i]f the buyer[, Zigi,] is not bound to pay the price at any other specific time, it must pay it when the seller[, Wenzhou,] places either the goods or documents controlling their disposition at the buyer's disposal in accordance with the contract and [the CISG]." Because Zigi failed to perform its obligations under the CISG, as discussed below, and because Zigi authorized Wenzhou to deliver its shoes on every occasion, Zigi agreed to accept delivery of the shoes from Wenzhou, and Wenzhou has the right to "claim damages as provided in articles 74 to 77" of the CISG. *See* CISG Arts. 61(1)(b),  62.  "The CISG permits damages 'equal to the loss, including loss of profit, suffered by the other party as a consequence of the breach.'"  *See, e.g., Orica Austl. Pty. Ltd. v. Aston Evaporative Servs., LLC*, Civil Action No. 14-cv-0412-WJM-CBS, 2015 U.S. Dist. LEXIS 98248, at *23 (D. Colo. July 28, 2015) (citing CISG Article 74).  Article 78 of the CISG also permits Wenzhou to recover prejudgment and post judgment interest on the unpaid amount. *See, e.g., Hefei Ziking Steel Pipe Co. v. Meever & Meever*, CIVIL ACTION NO. 4:20-CV-00425, 2021 WL 4267162, 2021 U.S. Dist. LEXIS 178406, at *24 (S.D. Tex. Sept. 20, 2021).

Article 25 of the CISG states that "[a] breach of contract committed by one of the parties is fundamental if it results in such detriment to the other party as substantially to deprive him of what he is entitled to expect under the contract," in this case to be paid for the goods which Plaintiff delivered to the Defendant.

Moreover, in interpreting a contract subject to the CISG "when a question concerning a matter governed by [it] is not expressly settled in it, the question is to be settled in conformity with the general principles on which [it] is based." *See* Explanatory Note by the UNCITRAL Secretariat on the CISG, *Part one. Scope of application and general provisions*, C. Interpretation of the

Convention. "The CISG was adopted for the purpose of establishing 'substantive provisions of law to govern the formation of international sales contracts and the rights and obligations of the buyer and the seller.'" *Asante Techs. v. PMC-Sierra, Inc.*, 164 F. Supp. 2d 1142, 1146, 1151 (N.D. Cal. July 27, 2001) (quoting U.S. Ratification of 1980 United Nations Convention on Contracts for the International Sale of Goods: Official English Text, 15 U.S.C. App. at 52 (1997))  The CISG's "intent can be discerned from the introductory text, which states that 'the adoption of uniform rules which govern contracts for the international sale of goods and take into account the different social, economic and legal systems would contribute to the removal of legal barriers in international trade and promote the development of international trade." *Id.* at 1151 (citing 15 *U.S.C. App*. at 53).  The CISG is applied so that parties to an international sales transaction are able "to predict the applicable law." *Id*. at 1151. The CISG "provides uniform rules to govern the questions that arise in making and performance of the contract" for the international sale of goods. *Id.* (quoting Secretary of State's Letter of Submittal of the CISG to the President).

### 2.  Delivery

It is not clear if Zigi intends to allege that the goods delivered by Wenzhou were untimely, as it did in Zigi's Strategy Answer at paragraphs 23-33, *see* Statement of Facts at ¶5, but it is expected to do so, and Wenzhou will address here generally  Zigi's duties under the CISG on delivery.  Later, it will discuss Zigi's duties respecting nonconformity/quality and untimely delivery.

In this case, Wenzhou delivered the goods to the carrier in China selected and as directed by Zigi and for whom Zigi paid, and as a result Wenzhou lost any control over those goods once they were delivered to that carrier.  *See* Statement of Facts at ¶¶9-11.  The last date that the goods subject to purchase orders between Wenzhou and Zigi were delivered to a carrier for Zigi was

February 2, 2022.  *See* Statement of Facts at ¶21.  All goods which Wenzhou delivered to Zigi's carrier were delivered after Wenzhou inspected them and determined that they met the terms of the agreement between Wenzhou and Zigi, and after a representative of Zigi inspected and approved the quality of the goods or had the opportunity to inspect them for Zigi.  *See* Statement of Facts at ¶12.

Once the goods were handed over to a carrier, the risk of damage and untimely delivery for the goods which may have happened during the transportation of them passed to Zigi.  *See, e.g.,* Statement of Facts at ¶11.  With Wenzhou having delivered the goods as required by Zigi to its carrier, under Article 60(b) of the CISG, Zigi is required to do *"*all the acts which could reasonably be expected of [it] … in taking over the goods."  In the instant case**,** the risk of late delivery or lack of care for the goods during delivery was assumed by Zigi from the time the goods were handed over to the approved Zigi selected carrier who issued the documents embodying the contract of carriage. *See* CISG Arts. 68 and 69.  And, to paraphrase what Article 66 of the CISG says, "Loss or damage to the goods after the risk has passed to the buyer does not discharge [Zigi] from [its] obligation to pay the price, unless the loss or damage is due to an act or omission of the seller."

### 3.   Lack of conformity to the contract – Quality and Timeliness

The only occasion when Zigi claimed goods delivered by Wenzhou were defective was for a delivery of shoes which Zigi claimed were moldy.  Statement of Facts at ¶14.  Under Article 36(1) of the CISG, Wenzhou is only "liable in accordance with the contract and [the CISG] for any lack of conformity which exists at the time when the risk passes to the buyer, even though the lack of conformity becomes apparent only after that time."

Article 35 of the CISG controls breach of warranty claims, which Zigi may argue here.  *See, e.g., Miami Valley Paper, LLC v. Lebbing Engineering & Consulting Gumby,* No. 1:05-CV-00702,

2009 WL 818618, 2009 U.S. Dist. LEXIS 25201, at *28 (S.D. Ohio, Mar. 26, 2009).  Article 35

says (Emphasis added),

> (1)    The seller must deliver goods which are of the quantity, quality and description required by the contract and which are contained or packaged in the manner required by the contract.
>
> (2)    Except where the parties have agreed otherwise, the goods do not conform with the contract unless they:
>
>> (a)  are fit for the purposes for which goods of the same description would ordinarily be used;
>> (b)  are fit for any particular purpose expressly or impliedly made known to the seller at the time of the conclusion of the contract, except where the circumstances show that the buyer did not rely, or that it was unreasonable for him to rely, on the seller's skill and judgement;
>> (c)  possess the qualities of goods which the seller has held out to the buyer as a sample or model;
>> (d)  are contained or packaged in the manner usual for such goods or, where there is no such manner, in a manner adequate to preserve and protect the goods.
>> (e)  *The seller is not liable under subparagraphs (a) to (d) of the preceding paragraph for any lack of conformity of the goods if, at the time of the conclusion of the contract, the buyer knew or could not have been unaware of such lack of conformity.*

In this case, all goods which Wenzhou delivered to Zigi's carrier were delivered after

Wenzhou inspected them and determined that they met the terms of the agreement between

Wenzhou and Zigi, and after a representative of Zigi inspected and approved the quality of the

goods or had the opportunity to inspect them for Zigi, and, consequently, Zigi "knew or could not

have been unaware of [any] lack of conformity" as to Zigi's quality requirements, if there was any.

*See* Statement of Material Facts at ¶12.  Consequently, Plaintiff cannot legally be liable under

Article 35 of the CISG for any lack of quality conformity of the goods, even the moldy shoes which

are not part of Wenzhou's claims in this case, as discussed below.

While Wenzhou does not know (a) if Zigi, inspected the container containing any moldy

shoes and therefore  "knew or could not have been unaware" that the shoes were moldy at the time

13

the shoes claimed to be moldy were delivered to Zigi, the buyer, or (b) if the moldy condition claimed by Zigi occurred during Zigi's control of the transportation of the shoes to the United States, Wenzhou is not, in any event, seeking any payment for the moldy shoes and has waived any claim that Zigi should pay for those shoes.  *See* Statement of Material Facts at ¶¶13-17. Attached as Exhibit "A" to the Supplemental Affidavit and Declaration of Jian Huang in Support of Plaintiffs' Motion For Partial Summary Judgment Against Zigi USA, LLC as to Count I of the Complaint, attached to the Statement of Material Facts as Exhibit "E." is a debit memo signed by Wenzhou in the amount claimed by Zigi for moldy shoes indicating that Wenzhou would not claim any amount for shoes that were moldy when  delivered.  *See* Statement of Material Facts at ¶17.

Article 49 of the CISG discusses the duties of a buyer, such as Zigi, which must be complied with before it may avoid making payments pursuant to its contract with Wenzhou for both untimely delivery and quality of the goods delivered.  It says, as pertinent to the instant matter, in Article 49(2) that "in cases where the seller has delivered the goods, the buyer loses the right to declare the contract avoided[, thereby abrogating the buyer's obligation to pay,] unless [it] does so under Article 49(2)(a) in respect of late delivery, within a reasonable time after [it] has become aware that delivery has been made" and under Article 49(2)(b)(i) "in respect of any breach other than late delivery, within a reasonable time … after [it] knew or ought to have known of the breach."  Zigi did not declare the contract avoided.  *See also* Statement of Material Facts at ¶24.

An example of the purchase orders between Wenzhou and Zigi is attached as Exhibit "A" to the affidavits of Jian Huang and Jin Quan, Exhibits "A" and "B" to the Statement of Material Facts. See Statement of Material Facts at ¶7. Respecting dates of delivery and quality of the goods, the purchase orders say,

> Please review all details on this purchase agreement and sign and return to us. By signing this agreement, the factory and/or agent confirm that the price is accurate,

the delivery time is acceptable and agrees to meet all Zigi requirements for quality standards. The factory and/or Agent also agree to ship all goods on time as required with the data issued on the purchase order. Any issue with quality or delays in shipment will result in chargebacks, and/or the goods be shipped by airfreight at the factory and/or Agent cost.

The officers of Wenzhou testified that the dates of delivery on the purchase orders were expected or estimated dates of delivery. *See* Statement of Facts at ¶19. That the delivery dates were expected or estimated is supported by the fact that all goods were delivered in each case, even if not delivered on the date indicated in a purchase order, after Wenzhou informed Zigi that the goods were ready for shipment, only after Zigi inspected or had the opportunity to inspect and only after Zigi instructed Wenzhou to deliver them without stating that they should not be delivered due to the actual delivery date being past the contract date or due to the quality of the goods. *See* Statement of Facts at ¶¶10, 12.

Whether the dates on purchase orders were just estimated or expected dates or required delivery dates, by not objecting at the time that goods were delivered after being informed of the delivery, by approving the delivery to its carrier on the dates that all Wenzhou goods were delivered and by not avoiding the contract between the parties, Zigi either

(a)      modified the date of delivery in the purchase order as permitted under Article 11 of the CISG, because, as pointed out above, under the CISG "[a] contract of sale need not be concluded in or evidenced by writing and is not subject to any other requirement as to form," and "[i]t *may be proved by any means*, including witnesses," and "[t]he CISG, unlike American contract law, includes no parol-evidence rule, and 'allows all relevant information into evidence even if it contradicts the written documentation,' " *see Weihai Textile Group Imp. & Exp. Co.*, 2014 U.S. Dist. LEXIS 53688, at *25 (citing *TeeVee Toons, Inc*, 2006 U.S. Dist. LEXIS 59455, at *7), and a statute of frauds is not applicable under the CISG, *see, e.g., generally, Texmont Design*

15

*LTD*, 2023 U.S. Dist. LEXIS 132779, or

(b)      voluntarily and intentionally relinquished, i.e. waived any right it had to insist on timely delivery and any argument that the goods were not timely delivered.   "Waiver is the voluntary, intentional relinquishment of a known right." *See, e.g., Smith v. R.J. Reynolds Tobacco Co,_* 880 F.3d 1272, 1280 (11th Cir. 2018) (citing *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1347 (11th Cir. 1994); *Wood v. Milyard*, 566 U.S. 463, 470 n.4, 132 S. Ct. 1826, 182 L. Ed. 2d 733 (2012)).

By authorizing Wenzhou to deliver its shoes to the carrier selected by Zigi and by not avoiding the purchase order contracts for any delivery from Wenzhou to it, Zigi did not meet the CISG Article 49(2)(a) requirement "in cases where the seller has delivered the goods,"  that it could only declare the contract avoided "within a reasonable time after [it became] aware that delivery has been made."  Because Zigi authorized Wenzhou to deliver the goods, it is obligated to pay for them even if, *arguendo*, the delivery did not meet the dates on purchase orders. Had Zigi not wanted them to be delivered due to some claim of untimeliness, it should have informed Wenzhou of that before the goods were delivered to the carrier chosen by Zigi. Zigi did not do so.

In addition,

a.      Zigi has not returned, attempted to return or notified Wenzhou that it wished to return any of the goods delivered by Wenzhou to Zigi, and Zigi has not made restitution of the goods substantially in the condition in which it received them,

b.      Wenzhou has received no notice from Zigi that goods delivered by Wenzhou to Zigi did not conform to the terms of the agreement between them and specifying the nature of the lack of conformity, but in any event Wenzhou does not claim any amounts for any goods nonconforming as to quality, and

      c.    Zigi never notified Wenzhou, after it delivered goods to Zigi's carrier, that the purchase orders for which the delivery had been made were avoided, either because they were late or did not conform to quality requirements.  *See* Statement of Material Facts at ¶¶22-24.

Zigi has also never made restitution of any part of the goods delivered by Wenzhou whether the goods were late or of an unsatisfactory quality,  *See* Statement of Material Facts at ¶25.  Consequently, as Zigi never made restitution, under Article 84 (2) of the CISG, Zigi was obligated to account to Wenzhou "for all benefits which [Zigi] has derived from the goods or part of them," which Zigi has never done.  *See* Statement of Material Facts at ¶¶25 - 27.  Because Wenzhou's right to an accounting is established under Article 84 of the CISG, Zigi has "the burden of establishing each credit or deduction by competent and substantial evidence."  *See, e.g., Rasmussen v. Cent. Fla. Council BSA, Inc*., Case No. 6:07-cv-1091-Orl-19GJ, 2008 WL 1744773, 2008 U.S. Dist. LEXIS 31063, at *11 (M.D. Fla. April 11, 2008) (citing *Beckerman v. Greenbaum,* 439 So. 2d 233, 236 (Fla 2d DCA 1983)).  Respectfully, that failure to account "for all benefits which [Zigi] has derived from the goods or part of them," a breach of the CISG, alone is sufficient for the Court to conclude that Zigi may not recover damages of any kind.

"[T]he purpose of an accounting is to determine the amount due to the aggrieved party' and  to discover what, if any, sums are owed to the plaintiff."  *See, e.g., Uhlig, LLC v. Shirley*, Civil Action No. 6:08-cv-01208-JM, 2012 WL 2711505, 2012 U.S. Dist. LEXIS 94006, at *6-7 (D. S.C. July 9, 2012) (even so holding under the facts of that case that an accounting would not be had); *Bongiovanni v. State Farm Fin. Servs*., CV-15-00566-MWF (SSx), 2015 WL 13916261, 2015 U.S. Dist. LEXIS 200698, at *20 (C.D. Cal. July 22, 2015)  (citing *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 180, 92 Cal. Rptr. 3d 696 (2009)).  Another "purpose of an accounting is to disgorge profits gained through wrongful conduct," *see, e.g., Eckel Indus. v. Primary Bank*, 26

F. Supp. 2d 313, 318 (D. N.H. 1998), such as keeping goods and not paying for them, including where fraud, as alleged in the Complaint (ECF No. 1) at ¶¶20 - 33, is involved.

In addition to Zigi being required by the CISG to give an accounting because there is no restitution of the goods to Wenzhou, an accounting is particularly important in a case such as this when there are so many documents involved and when control of the goods passes from the seller, Wenzhou, to the buyer, Zigi, and the seller, Wenzhou, cannot know whether, for example, the goods which may have been "untimely" delivered or of "poor quality" were subsequently sold, destroyed or are maintained by Zigi in stock for later sale.   So, for example, one federal court, discussing Maryland law respecting why there should be an accounting, focused on the fact, as here, that the duty to render an accounting rests on the party which  knows those facts and has records which are known and kept exclusively by that party.  *See, e.g., Gruppo Essenziero Italiano, S.p.A. v. Aromi D'Italia, Inc*., Civil No. CCB-08-65,  2011 WL 3207555, 2011 U.S. Dist. LEXIS 82217, at *20 (D. Md. July 27, 2011) (citing *P.V. Props., Inc. v. Rock Creek Village Assocs. Ltd. P'ship*, 77 Md. App. 77, 549 A.2d 403, 409 (Md. Ct. Spec. App. 1988) (in turn citing *Gianakos v. Magiros,* 238 Md. 178, 208 A.2d 718 (1965)).  "The one obliged to account does not fulfill his duty by supplying only that which the beneficiary requests, that which is conveniently accessible, or remaining silent  in the face of the [one demanding an accounting] inevitable difficulty in trying to construct or reconstruct accounts which ought to have been kept and available."  *Bynum v. Baggett Transp. Co.*, 228 F.2d 566, 573-574 (5th Cir. 1956).

## CONCLUSION

Because there are no genuine issues of fact as to the requested partial summary judgment with damages as to Count 1 of the Complaint, this Court should grant partial summary judgment with damages as to Count 1.  The Motion and supporting materials—including the facts considered

undisputed—show that the Plaintiff, Wenzhou, is entitled to it.  The partial summary judgment attached to this Motion as Exhibit "A," a copy of which is being sent to moore@flsd.uscourts.gov, reserving jurisdiction to determine prejudgment interest, if, any, attorney's fees and costs is the kind of statement of the reasons for granting the Motion contemplated by *Fed. R. Civ. P.* 56.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

**PUGH LAW OFFICE, P.A.**

/s Michael J. Pugh
Michael J. Pugh, Esquire
Florida Bar No: 175547
3101 Maguire Blvd., Suite 270
Orlando, Florida 32803
(407) 890-5818; Fax: (407) 890-5819
Toll Free: +1 (888) 512-0868
mp@pughlawoffice.com
contact@pughlawoffice.com
Attorneys for Plaintiff

19

# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
DISTRICT JUDGE K. MICHAEL MOORE
MAGISTRATE JUDGE LAUREN F. LOUIS
CASE NO: 1:23-CV-21082-KMM

WENZHOU DELANG IMP. & EXP.
TRADE CO., LTD., a Chinese limited
liability company,

      Plaintiff,                           CASE NO: 1:2023-cv-21082-KMM

v.

ZIGI USA LLC, a Florida limited liability
company,

      Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST ZIGI USA, LLC AS TO COUNT 1 OF THE COMPLAINT**

      THIS MATTER having come before the Court on the motion of Plaintiff, Wenzhou Delang

Imp. & Exp. Trade Co., Ltd., ("Wenzhou" or "Plaintiff"), pursuant to *Fed R. Civ P.* 56, for partial

summary judgment ("Motion") against Defendant, Zigi USA LLC ("Zigi" or "Defendant"),

requesting that the Court conclude that Zigi breached its agreement with Wenzhou under the

United Nations Convention on Contracts for the International Sale of Goods ("CISG") and is liable

to Plaintiff for damages as alleged in Count 1 of the Complaint (ECF #1).  The Court having

considered the Motion concludes that it will be GRANTED, reserving jurisdiction for issues

remaining in the case, including, but not limited to, Wenzhou's right to and amount of prejudgment

interest, attorney's fees and costs for the reasons indicated below:.

      In support of the Motion, Plaintiff relies on (a) the Complaint (ECF No. 1),  and (b) the

facts contained and supported in its Statement of Material Facts in Support of Plaintiff's Motion

1

for Partial Summary Judgment against Zigi USA, LLC as to Count 1 of the Complaint ("Statement of Material Facts"), filed contemporaneously with the Motion as required by S.D. Fla. L.R. 56.1. The Statement of Material Facts is supported by the facts contained in the (a) October 23, 2023, Affidavit and Declaration of Jian Huang in Support of Plaintiffs' Motion For Partial Summary Judgment Against Zigi USA, LLC as to Count I of the Complaint ("Huang Affidavit"), (b) October 23, 2023, Affidavit and Declaration of Jin Quan in Support of Plaintiffs' Motion For Partial Summary Judgment Against Zigi USA, LLC as to Count I of the Complaint ("Quan Affidavit"), respectively Plaintiff's general and sales managers, (c) facts for which Plaintiff filed Plaintiff's Request for Judicial Notice contemporaneously with the Motion, (d) October 31, 2023, Deposition of Marc Bernard, Zigi's COO,   and (e) November15, 2023, Supplemental Affidavit and Declaration of Jian Huang in Support of Plaintiffs' Motion For Partial Summary Judgment Against Zigi USA, LLC as to Count I of the Complaint, attached to the Statement of Material Facts, respectively, as Exhibits "A" -"E."

This court has federal question jurisdiction under 28 USCS § 1331, because the rights of Plaintiff, Wenzhou, arise under and pursuant to the [CISG] which is a self-executing treaty ratified by the United States Senate which created a private right of action in federal court, *See, e.g., generally Asante Techs. v. PMC-Sierra, Inc.*,164 F. Supp. 2d 1142, (N.D. Cal. 2001). *See also* Complaint (ECF No. 1) at ¶3; Statement of Material Facts at ¶5; Req. Jud. Not. at ¶4.

**A.     Allegations in the Pleadings and Support in the Statement of Material Facts**

Wenzhou, a Chinese limited liability company with its principal place of business in the People's Republic of China, and Zigi, a Delaware limited liability company with its principal place of business in Miami-Dade County, Florida, entered into an agreement for Zigi to purchase and Wenzhou to sell goods, shoes, which Zigi intended to resell to its customers, and which were not

bought for the personal, family or household use of Zigi.  *See* Complaint (ECF No. 1) at ¶¶1, 2, 7 and 8; Statement of Material Facts at ¶¶3-7. "Purchase orders under and subject to the agreement were subsequently entered into."  *See* Complaint (ECF No. 1) at ¶9; Statement of Material Facts at ¶¶5, 7.  A form of those purchase orders has been attached as Exhibit "A." to the Huang Affidavit and Quan Affidavit, Exhibits "A" and "B" to the Statement of Material Facts.

"Pursuant to the CISG, Article 11, the contract of sale need not be concluded in or evidenced by writing and is not subject to any other requirement as to form." "It may be proved by any means," including "purchase orders between Defendant and Plaintiff, the communications between them, their course of dealings, performance, and/or through witnesses,"  *See* Complaint (ECF No. 1) at ¶10; CISG Art. 11. *See also, e.g., Asia Telco Techs. v. Brightstar Int'l Corp.*, 2015 Case No. 15-20608-Civ-Scol, 2015 U.S. Dist. LEXIS 178099, at *9 (S.D. Fla. Aug. 20, 2015).

Finally, Count 1 alleges and the facts support that, pursuant to the CISG, "Plaintiff, Wenzhou, delivered goods to Defendant, Zigi, as agreed," but that Zigi breached the agreement by failing to pay Plaintiff in full for some goods, thereby damaging Plaintiff in the amounts indicated in Exhibit "A" attached to the Complaint (ECF No.1), $1,158,767.35.  *See* Complaint (ECF No. 1) at ¶¶7-14; Statement of Material Facts at ¶¶7-10.  Count 1 demands judgment for Plaintiff, Wenzhou, against Defendant, Zigi, for damages, prejudgment interest, costs and any further relief the court finds appropriate.

No answer has yet been filed.  On April 11, 2023, Zigi filed a motion to dismiss (ECF No. 11) the Complaint (ECF No. 1), to which Wenzhou filed a memorandum in opposition (ECF No. 15) on April 17, 2023.  The Court has not yet rendered a decision on the motion to dismiss.

Pursuant to order of the Court (ECF No. 20), Plaintiff is required to file any motion for summary judgment no later than November 24, 2023.  Pursuant to *Fed. R. Civ. P.* 56(b), a party

may otherwise "file a motion for summary judgment at any time until 30 days after the close of all discovery," "even as early as the commencement of the action." See *Notes of Advisory Committee on 2009 amendments* to *Fed. R. Civ. P.* 56. The Motion has been timely filed.

**B.    Summary Judgment Standard**

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the *Celotex* trilogy, and their progeny require granting the Motion. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action." *Celotex,* 477 U.S. at 327 (quoting *Fed. R. Civ. P.* 1). "[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 255.

The test for whether a genuine issue of fact exists is whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 258. So, for example,

> When considering the evidence, courts generally must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the [summary judgment] motion." *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (citation and internal quotation marks omitted) (alteration in original). However, facts need not be viewed in the light most favorable to the nonmoving party where a dispute over those facts is not "genuine." *Id. at 380.* "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

*Martin v. Allstate Prop. & Cas. Ins. Co*., 794 Fed. Appx. 883, 886 (11th Cir. 2019).[1]

_____

[1] On summary judgment, a court's function is "to determine whether there is a genuine issue for

4

> **Commented [JP1]:** Perhaps up to half of this could be put in footnotes

However, a movant that does not bear the burden of persuasion or proof at trial can also obtain summary judgment without disproving the nonmovant's case.  Under *Celotex*, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case. "  *Celotex,* 477 U.S. at 325.  See also *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1437-1438 (11th Cir. 1991) (citing *Celotex,* 477 U.S. at 323, for the proposition that "[i]f the nonmoving party fails to 'make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof,' the moving party is entitled to summary judgment."  *See also City of S. Miami v. DeSantis*, 508 F. Supp. 3d 1209, 1221 n. 10 (S.D. Fla. 2020) (quoting *Celotex*, 477 U.S. at 323, and granting and denying in part plaintiff's motion for summary judgment and denying defendant's motion for summary judgment).

As a consequence, because Zigi has not pled affirmative defenses, and even if it had, Wenzhou does "not have to adduce affirmative evidence to disprove" any defense Zigi might allege.  Although Plaintiff has filed affidavits supporting the Motion, there is no requirement that Wenzhou "support its motion with affidavits, declarations pursuant to 28 USCS § 1746 or other

---

trial;" "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," if the case were jury tried. *Anderson*, 477 U.S. at 249 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co*., 391 U.S. 253, 288-289 (1968)).  If a party "moves for summary judgment . . . the judge's inquiry . . . unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict."  *See, e.g., Langston v. ACT*, 890 F.2d 380, 383 n. 7 (11th Cir. 1989) (quoting *Anderson*, 477 U.S. at 252 (in turn citing *Improvement Co.* v. *Munson,* 14 Wall. 442, 448 (1872)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' "  *See, e.g., Levin v. Palm Beach Cty.,* 752 Fed. Appx. 734, 738 (11th Cir, 2018) (citing *Matsushita Elec. Indus. Co*., 475 U.S. at 587 (in turn citing Cities *Cities Serv. Co.,* 391 U.S. at 289) (Emphasis added).  The Statement of Material Facts filed with the instant Motion contains "particular parts of materials in the record" showing why Zigi cannot genuinely dispute the preponderance of the evidence against it as to Count 1 of the Complaint (ECF No.1) and why any materials which it may "cite do not establish . . . presence of a genuine dispute."

similar materials negating Zigi's possible, or even actual, defenses. *See, e.g., Celotex,* 477 U.S. at 323.

Even if Zigi was to indicate some fact in opposition to the Motion, that, too, does not require that the Motion be denied.  By its very terms, the summary judgment standard "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Pesci v. Budz*, 935 F.3d 1159, 1165 (11th Cir. 2019) (quoting *Anderson*, 477 U.S. at 247-248). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Cutler Bay Apts., LLC v. Bank of Am., N.A.*, 805 Fed. Appx. 996, 1000 (11th Cir, 2020) (quoting *Anderson*, 477 U.S. at 249-250).[2] Likewise, if the factual context renders Defendant's defenses implausible, Zigi, as respondent to the Motion, "must come forward with more persuasive evidence to support [its] claim than would otherwise be necessary." *See, e.g., Matsushita Elec. Indus. Co., 475 U.S.* at 587.

Because "there is no genuine issue as to any material fact" and because Wenzhou "is entitled to judgment as a matter of law" as to Count 1, "[t]he inquiry to be performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.*"  Anderson*, 477 U.S. at 250, 258

---

[2] Under *Fed. R. Civ. P.* 56, summary judgment may no longer be denied because there is a *scintilla* of evidence in support of a case; "recent decisions of high authority have established a more reasonable rule, that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Anderson*, 477 U.S. at 251 (noting at pages 251-252 that the inquiry for a directed verdict and for summary judgment "is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").  Judges are no longer to submit "a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party." *Id*. at 251 (quoting *Improvement Co.,* 14 Wall. at 448).

(Emphasis added). *See also FTC v. Lalonde,* 545 Fed. Appx. 825, 836 (11th Cir. 2013). For a dispute to be genuine "there must be more than 'some metaphysical doubt as to the material facts.' " *Anderson*, 477 U.S. at 261 (quoting *Matsushita Elec. Indus. Co*., 475 U.S. at 586).

**C.      Applicability of the CISG, generally**

The sale of goods in this matter was from China to the United States. *See* Statement of Material Facts at ¶¶3-5.  Consequently, the sale is governed by the CISG, because "China and the United States are both signatories to the CISG;" "[a]s a treaty to which the United States is a signatory, the CISG is federal law" and "governs the formation of and rights and obligations under contracts for the international sale of goods."   *See, e.g., Strategy Enters. Ltd. v. Zigi USA LLC*, CASE NO. 21-23965-CIV-ALTONAGA/Torres, 2021 U.S. Dist. LEXIS 247530, at *4 (S.D. Fla. Dec. 29, 2021) (quoting *Caterpillar, Inc. v. Usinor Industeel*, 393 F. Supp. 2d 659, 673 (N.D. Ill. 2005)); *Asia Telco Techs*., Case No. 15-20608-Civ-Scola.2015 U.S. Dist. LEXIS 178099, at **5, 7 n.3, and 8-9 (S.D. Fla/ August 20, 2015); *Weihai Textile Group Imp. & Exp. Co. v. Level 8 Apparel*, 11 Civ. 4405 (ALC)(FM), 2014 U.S. Dist. LEXIS 53688, at **15, 16 (S.D.N.Y. Mar. 28, 2014) (citing S. Treaty Doc. No. 9, 98th Cong., 1st Sess. 22 (1983), 19 I.LM. 671, reprinted at 15 U.S.C. app. (1997) and holding the CISG is "a self-executing treaty, binding on all signatory nations, that creates a private right of action in federal court under federal law").  The CISG "sets out substantive provisions of law to govern the formation of international sales contracts and the rights and obligations of the buyer and seller."  *See, e.g., Am's Collectibles Network, Inc. v. Timlly (HK)*, 746 F. F. Supp. 2d 914, 918 (E.D. Tenn. 2010).  If a contract for the sale of goods from one signatory country to another "exists, it must be governed by the CISG." *Asia Telco Techs.*, 2015 U.S. Dist. LEXIS 178099, at **11-12 (cited in *Strategy Enters. Ltd.,* 2021 U.S. Dist. LEXIS 247530, at *5).  The parties to a contract subject to the CISG have a duty to comply with its

requirements.

**D.     Particular application of the CISG to the instant facts**

**1.  The Instant Contract**

"A plaintiff asserting a breach of contract claim under the CISG must show: '(1) the existence of a valid and enforceable contract containing both definite and certain terms, (2) performance by plaintiff, (3) breach by defendant and (4) resultant injury to plaintiff.'" *Ningbo Yang Voyage Textiles Co. v. Sault Trading*, 18-CV-1961 (ARR) (ST), 2019 WL 5399973, 2019 U.S. Dist. LEXIS 155405, at *7 (E.D.N.Y. Sept. 10, 2019) (quoting *Magellan Int'l Corp. v. Salzgitter Handel GmbH*, 76 F. Supp. 2d 919, 924 (N.D. Ill. 1999) and citing CISG, Art. 74). *See also e.g., Supercase Enter. Co. v. Marware, Inc.*, CASE NO. 14-61158-CIV-DIMITROULEA, 2014 WL 12495261, 2014 U.S. Dist. LEXIS 195225, at *12 (S.D. Fla. Nov. 24, 2014).  The Plaintiff has done so in this case.

Article 8 of the CISG directs courts to consider extrinsic evidence of the parties' intent.  It says,

> (1) For the purposes of this Convention statements made by and other conduct of a party are to be interpreted according to his intent where the other party knew or could not have been unaware what that intent was.
> (2) If the preceding paragraph is not applicable, statements made by and other conduct of a party are to be interpreted according to the understanding that a reasonable person of the same kind as the other party would have had in the same circumstances.
> (3) In determining the intent of a party or the understanding a reasonable person would have had, due consideration is to be given to all relevant circumstances of the case including the negotiations, any practices which the parties have established between themselves, usages and any subsequent conduct of the parties.

Under Article 11 of the CISG, "[a] contract of sale need not be concluded in or evidenced by writing and is not subject to any other requirement as to form," and "[i]t *may be proved by any means*, including witnesses."  (Emphasis added).  "[T]he CISG, unlike American contract law,

8

includes no parol-evidence rule, and 'allows all relevant information into evidence even if it contradicts the written documentation.'" *Weihai Textile Group Imp. & Exp. Co.*, 2014 U.S. Dist. LEXIS 53688, at *25 (citing *TeeVee Toons, Inc. v. Gerhard Schubert GmbH*, No. 00 Civ. 5189 (RCC), 2006 WL 2463537, 2006 U.S. Dist. LEXIS 59455, at *7 (S.D.N.Y. Aug. 23, 2006) (citation omitted). A statute of frauds is not applicable under the CISG. *See, e.g., Texmont Design LTD v. Halston Operating Co. LLC*, Case No.: CV 18-10164-CJC (GSJx), 2023 U.S. Dist. LEXIS 132779 (C.D. Cal June 21, 2023) (granting a motion in limine excluding evidence because a "statute of frauds defense is irrelevant); *It's Intoxicating, Inc. v. Maritim Hotelgesellschaft mbH*, Civil No. 11-CV-2379, 2013 WL 3973975. 2013 U.S. Dist. LEXIS 107149, at *51 (M.D. Pa. July 31, 2013)). Consequently, under the CISG, a contract may be modified by the oral agreement of the parties without a writing. *See, e.g., Weihai Textile Group Imp. & Exp. Co.*, 2014 U.S. Dist. LEXIS 53688, at **16-17. The CISG " allows the Court to consider statements or conduct of a contracting party to establish, modify, or alter the terms of a contract." *See, e.g., Miami Valley Paper, LLC v. Lebbing Eng'g & Consulting GmbH*, 1:cv- 05-702, 2010 U.S. Dist. LEXIS 159825, *5 (S.D. Ohio February 2, 2010).

Pursuant to CISG Art. 8 and CISG Art. 11, there is a contract between Wenzhou and Zigi "proven by a document, oral representations, conduct, or some combination of the three," *see, e.g., Geneva Pharms. Tech. Corp. v. Barr Labs., Inc*., 201 F. Supp. 2d 236, 281 (S.D.N.Y. 2002); Statement of Material Facts at ¶¶7-9. "The usages and practices of the parties or the industry are automatically incorporated into any agreement governed by the [CISG], unless expressly excluded by the parties." *Id.* (citing CISG Art. 9). Here, the contract is evidenced by the delivery of the goods by Wenzhou to Zigi pursuant to purchase orders. *See* Statement of Material Facts at ¶¶8, 9. Zigi has not returned, attempted to return or notified Wenzhou that it wished to return any of the

goods delivered by Wenzhou to Zigi, and Zigi has not made restitution of the goods substantially in the condition in which it received them.  *See* Statement of Material Facts at ¶22, 25.

Article 53 of the CISG requires Zigi to "pay the price for the goods and take delivery of them as required by the contract and [the CISG]."  *See also* CISG Art. 62. Article 58(1) states that "[i]f the buyer[, Zigi,] is not bound to pay the price at any other specific time, it must pay it when the seller[, Wenzhou,] places either the goods or documents controlling their disposition at the buyer's disposal in accordance with the contract and [the CISG]."  Because Zigi failed to perform its obligations under the CISG, as discussed below, and because Zigi authorized Wenzhou to deliver its shoes on every occasion, Zigi agreed to accept delivery of the shoes from Wenzhou, and Wenzhou has the right to "claim damages as provided in articles 74 to 77" of the CISG. *See* CISG Arts. 61(1)(b),  62.  "The CISG permits damages 'equal to the loss, including loss of profit, suffered by the other party as a consequence of the breach.'"  *See, e.g., Orica Austl. Pty. Ltd. v. Aston Evaporative Servs., LLC*, Civil Action No. 14-cv-0412-WJM-CBS, 2015 U.S. Dist. LEXIS 98248, at *23 (D. Colo. July 28, 2015) (citing CISG Article 74).  Article 78 of the CISG also permits Wenzhou to recover prejudgment and post judgment interest on the unpaid amount. *See, e.g., Hefei Ziking Steel Pipe Co. v. Meever & Meever*, CIVIL ACTION NO. 4:20-CV-00425, 2021 WL 4267162, 2021 U.S. Dist. LEXIS 178406, at *24 (S.D. Tex. Sept. 20, 2021).

Article 25 of the CISG states that "[a] breach of contract committed by one of the parties is fundamental if it results in such detriment to the other party as substantially to deprive him of what he is entitled to expect under the contract," in this case to be paid for the goods which Plaintiff delivered to the Defendant.

Moreover, in interpreting a contract subject to the CISG "when a question concerning a matter governed by [it] is not expressly settled in it, the question is to be settled in conformity with

10

the general principles on which [it] is based." *See* <u>Explanatory Note by the UNCITRAL Secretariat</u> <u>on the CISG</u>, *Part one. Scope of application and general provisions*, C. Interpretation of the Convention. "The CISG was adopted for the purpose of establishing 'substantive provisions of law to govern the formation of international sales contracts and the rights and obligations of the buyer and the seller.'" *Asante Techs. v. PMC-Sierra, Inc*., 164 F. Supp. 2d 1142, 1146, 1151 (N.D. Cal. July 27, 2001) (quoting U.S. Ratification of 1980 United Nations Convention on Contracts for the International Sale of Goods: Official English Text, 15 U.S.C. App. at 52 (1997))  The CISG's "intent can be discerned from the introductory text, which states that 'the adoption of uniform rules which govern contracts for the international sale of goods and take into account the different social, economic and legal systems would contribute to the removal of legal barriers in international trade and promote the development of international trade." *Id.* at 1151 (citing 15 *U.S.C. App*. at 53).  The CISG is applied so that parties to an international sales transaction are able "to predict the applicable law." *Id*. at 1151. The CISG "provides uniform rules to govern the questions that arise in making and performance of the contract" for the international sale of goods. *Id.* (quoting Secretary of State's Letter of Submittal of the CISG to the President).

**2. Delivery**

It is not clear if Zigi intends to allege that the goods delivered by Wenzhou were untimely, as it did in its Answer at paragraphs 23-33 in *Strategy Enters. Ltd. v. Zigi USA LLC*, CASE NO. 21-23965-CIV-ALTONAGA/Torres, 2021 U.S. Dist. LEXIS 247530, at *4 (S.D. Fla. Dec. 29, 2021), *see* Statement of Facts at ¶5, but it is expected to do so.  The court will first discuss generally Zigi's duties under the CISG on delivery.   Later, it will discuss Zigi's duties respecting nonconformity/quality and untimely delivery.

In this case, Wenzhou delivered the goods to the carrier in China selected and as directed

by Zigi and for whom Zigi paid, and as a result Wenzhou lost any control over those goods once they were delivered to that carrier. *See* Statement of Facts at ¶¶9-11.  The last date that the goods subject to purchase orders between Wenzhou and Zigi were delivered to a carrier for Zigi was February 2, 2022. *See* Statement of Facts at ¶21.  All goods which Wenzhou delivered to Zigi's carrier were delivered after Wenzhou inspected them and determined that they met the terms of the agreement between Wenzhou and Zigi, and after a representative of Zigi inspected and approved the quality of the goods or had the opportunity to inspect them for Zigi. *See* Statement of Facts at ¶12.

Once the goods were handed over to a carrier, the risk of damage and untimely delivery for the goods which may have happened during the transportation of them passed to Zigi. *See, e.g.,* Statement of Facts at ¶11.  With Wenzhou having delivered the goods as required by Zigi to its carrier, under Article 60(b) of the CISG, Zigi is required to do *"all the acts which could reasonably be expected of [it] … in taking over the goods."*  In the instant case**,** the risk of late delivery or lack of care for the goods during delivery was assumed by Zigi from the time the goods were handed over to the approved Zigi selected carrier who issued the documents embodying the contract of carriage. *See* CISG Arts. 68 and 69.  And, to paraphrase what Article 66 of the CISG says, "Loss or damage to the goods after the risk has passed to the buyer does not discharge [Zigi] from [its] obligation to pay the price, unless the loss or damage is due to an act or omission of the seller."

### 3.  Lack of conformity to the contract – Quality and Timeliness

The only occasion when Zigi claimed goods delivered by Wenzhou were defective was for a delivery of shoes which Zigi claimed were moldy.  Statement of Facts at ¶14.  Under Article 36(1) of the CISG, Wenzhou is only "liable in accordance with the contract and [the CISG] for any lack of conformity which exists at the time when the risk passes to the buyer, even though the

12

lack of conformity becomes apparent only after that time."

Article 35 of the CISG controls breach of warranty claims.  *See, e.g., Miami Valley Paper, LLC v. Lebbing Engineering & Consulting Gmbh,* No. 1:05-CV-00702, 2009 WL 818618, 2009 U.S. Dist. LEXIS 25201, at *28 (S.D. Ohio, Mar. 26, 2009).  Article 35 says (Emphasis added),

(1)     The seller must deliver goods which are of the quantity, quality and description required by the contract and which are contained or packaged in the manner required by the contract.

(2)     Except where the parties have agreed otherwise, the goods do not conform with the contract unless they:

   (a)  are fit for the purposes for which goods of the same description would ordinarily be used;
   (b)  are fit for any particular purpose expressly or impliedly made known to the seller at the time of the conclusion of the contract, except where the circumstances show that the buyer did not rely, or that it was unreasonable for him to rely, on the seller's skill and judgement;
   (c)  possess the qualities of goods which the seller has held out to the buyer as a sample or model;
   (d)  are contained or packaged in the manner usual for such goods or, where there is no such manner, in a manner adequate to preserve and protect the goods.
   (e)  *The seller is not liable under subparagraphs (a) to (d) of the preceding paragraph for any lack of conformity of the goods if, at the time of the conclusion of the contract, the buyer knew or could not have been unaware of such lack of conformity.*

In this case, all goods which Wenzhou delivered to Zigi's carrier were delivered after Wenzhou inspected them and determined that they met the terms of the agreement between Wenzhou and Zigi, and after a representative of Zigi inspected and approved the quality of the goods or had the opportunity to inspect them for Zigi, and, consequently, Zigi "knew or could not have been unaware of [any] lack of conformity" as to Zigi's quality requirements, if there was any. *See* Statement of Material Facts at ¶12.  Consequently, Plaintiff cannot legally be liable under Article 35 of the CISG for any lack of quality conformity of the goods, even the moldy shoes which are not part of Wenzhou's claims in this case, as discussed below.

While Wenzhou does not know (a) if Zigi, inspected the specific container containing any moldy shoes and therefore "knew or could not have been unaware" that the shoes were moldy at the time the shoes claimed to be moldy were delivered to Zigi, the buyer, or (b) if the moldy condition claimed by Zigi occurred during Zigi's control of the transportation of the shoes to the United States, Wenzhou is not, in any event, seeking any payment for the moldy shoes and has waived any claim that Zigi should pay for those shoes. *See* Statement of Material Facts at ¶¶13-17. Attached as Exhibit "A" to the Supplemental Affidavit and Declaration of Jian Huang in Support of Plaintiffs' Motion For Partial Summary Judgment Against Zigi USA, LLC as to Count I of the Complaint, attached to the Statement of Material Facts as Exhibit "E." is a debit memo signed by Wenzhou in the amount claimed by Zigi for moldy shoes indicating that Wenzhou would not claim any amount for shoes that were moldy when delivered. *See* Statement of Material Facts at ¶17.

Article 49 of the CISG discusses the duties of a buyer, such as Zigi, which must be complied with before it may avoid making payments pursuant to its contract with Wenzhou for both untimely delivery and quality of the goods delivered. It says, as pertinent to the instant matter, in Article 49(2) that "in cases where the seller has delivered the goods, the buyer loses the right to declare the contract avoided[, thereby abrogating the buyer's obligation to pay,] unless [it] does so under Article 49(2)(a) in respect of late delivery, within a reasonable time after [it] has become aware that delivery has been made" and under Article 49(2)(b)(i) "in respect of any breach other than late delivery, within a reasonable time … after [it] knew or ought to have known of the breach." Zigi did not declare the contract avoided. *See also* Statement of Material Facts at ¶24.

An example of the purchase orders between Wenzhou and Zigi is attached as Exhibit "A" to the affidavits of Jian Huang and Jin Quan, Exhibits "A" and "B" to the Statement of Material

14

Facts. See Statement of Material Facts at ¶7. Respecting dates of delivery and quality of the goods, the purchase orders say,

> Please review all details on this purchase agreement and sign and return to us. By signing this agreement, the factory and/or agent confirm that the price is accurate, the delivery time is acceptable and agrees to meet all Zigi requirements for quality standards. The factory and/or Agent also agree to ship all goods on time as required with the data issued on the purchase order. Any issue with quality or delays in shipment will result in chargebacks, and/or the goods be shipped by airfreight at the factory and/or Agent cost.

The officers of Wenzhou testified that the dates of delivery on the purchase orders were expected or estimated dates of delivery. *See* Statement of Facts at ¶19. That the delivery dates were expected or estimated is supported by the fact that all goods were delivered in each case, even if not delivered on the date indicated in a purchase order, after Wenzhou informed Zigi that the goods were ready for shipment, only after Zigi inspected or had the opportunity to inspect and only after Zigi instructed Wenzhou to deliver them without stating that they should not be delivered due to the actual delivery date being past the contract date or due to the quality of the goods. *See* Statement of Facts at ¶¶10, 12.

Whether the dates on purchase orders were just estimated or expected dates or required delivery dates, by not objecting at the time that goods were delivered after being informed of the delivery, by approving the delivery to its carrier on the dates that all Wenzhou goods were delivered and by not avoiding the contract between the parties, Zigi either

(a)      modified the date of delivery in the purchase order as permitted under Article 11 of the CISG, because, as pointed out above, under the CISG "[a] contract of sale need not be concluded in or evidenced by writing and is not subject to any other requirement as to form," and "[i]t *may be proved by any means*, including witnesses," and "[t]he CISG, unlike American contract law, includes no parol-evidence rule, and 'allows all relevant information into evidence

15

even if it contradicts the written documentation,' " *see  Weihai Textile Group Imp. & Exp. Co.*, 2014 U.S. Dist. LEXIS 53688, at *25 (citing *TeeVee Toons, Inc*, 2006 U.S. Dist. LEXIS 59455, at *7), and a statute of frauds is not applicable under the CISG, *see, e.g., generally, Texmont Design LTD*, 2023 U.S. Dist. LEXIS 132779, or

(b)      voluntarily and intentionally relinquished, i.e. waived, any right it had to insist on timely delivery and any argument that the goods were not timely delivered.  "Waiver is the voluntary, intentional relinquishment of a known right." *See, e.g., Smith v. R.J. Reynolds Tobacco Co.,_* 880 F.3d 1272, 1280 (11th Cir. 2018) (citing *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1347 (11th Cir. 1994); *Wood v. Milyard*, 566 U.S. 463, 470 n.4, 132 S. Ct. 1826, 182 L. Ed. 2d 733 (2012)).

By authorizing Wenzhou to deliver its shoes to the carrier selected by Zigi and by not avoiding the purchase order contracts for any delivery from Wenzhou to it, Zigi did not meet the CISG Article 49(2)(a) requirement "in cases where the seller has delivered the goods,"  that it could only declare the contract avoided "within a reasonable time after [it became] aware that delivery has been made."  Because Zigi authorized Wenzhou to deliver the goods, it is obligated to pay for them even if, *arguendo*, the delivery did not meet the dates on purchase orders. Had Zigi not wanted them to be delivered due to some claim of untimeliness, it should have informed Wenzhou of that before the goods were delivered to the carrier chosen by Zigi. Zigi did not do so.

In addition,

a.      Zigi has not returned, attempted to return or notified Wenzhou that it wished to return any of the goods delivered by Wenzhou to Zigi, and Zigi has not made restitution of the goods substantially in the condition in which it received them,

b.      Wenzhou has received no notice from Zigi that goods delivered by

16

Wenzhou to Zigi did not conform to the terms of the agreement between them and specifying the nature of the lack of conformity, but in any event Wenzhou does not claim any amounts for any goods nonconforming as to quality, and

         c.     Zigi never notified Wenzhou, after it delivered goods to Zigi's carrier, that the purchase orders for which the delivery had been made were avoided, either because they were late or did not conform to quality requirements.  *See* Statement of Material Facts at ¶¶22-24.

Zigi has also never made restitution of any part of the goods delivered by Wenzhou whether the goods were late or of an unsatisfactory quality,  *See* Statement of Material Facts at ¶25.  Consequently, as Zigi never made restitution, under Article 84 (2) of the CISG, Zigi was obligated to account to Wenzhou "for all benefits which [Zigi] has derived from the goods or part of them," which Zigi has never done.  *See* Statement of Material Facts at ¶¶25 - 27.  Because Wenzhou's right to an accounting is established under Article 84 of the CISG, Zigi has "the burden of establishing each credit or deduction by competent and substantial evidence."  *See, e.g., Rasmussen v. Cent. Fla. Council BSA, Inc.*, Case No. 6:07-cv-1091-Orl-19GJ, 2008 WL 1744773, 2008 U.S. Dist. LEXIS 31063, at *11 (M.D. Fla. April 11, 2008) (citing *Beckerman v. Greenbaum,* 439 So. 2d 233, 236 (Fla 2d DCA 1983)).  That failure to account "for all benefits which [Zigi] has derived from the goods or part of them," a breach of the CISG, alone is sufficient for the Court to conclude that Zigi may not recover damages of any kind.

"[T]he purpose of an accounting is to determine the amount due to the aggrieved party' and  to discover what, if any, sums are owed to the plaintiff."  *See, e.g., Uhlig, LLC v. Shirley*, Civil Action No. 6:08-cv-01208-JM, 2012 WL 2711505, 2012 U.S. Dist. LEXIS 94006, at *6-7 (D. S.C. July 9, 2012) (even so holding under the facts of that case that an accounting would not be had); *Bongiovanni v. State Farm Fin. Servs.*, CV-15-00566-MWF (SSx), 2015 WL 13916261,

2015 U.S. Dist. LEXIS 200698, at *20 (C.D. Cal. July 22, 2015)  (citing *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 180, 92 Cal. Rptr. 3d 696 (2009)).  Another "purpose of an accounting is to disgorge profits gained through wrongful conduct," *see, e.g., Eckel Indus. v. Primary Bank*, 26 F. Supp. 2d 313, 318 (D. N.H. 1998), such as keeping goods and not paying for them, including where fraud, as alleged in the Complaint (ECF No. 1) at ¶¶20 - 33, is involved.

        In addition to Zigi being required by the CISG to give an accounting because there is no restitution of the goods to Wenzhou, an accounting is particularly important in a case such as this when there are so many documents involved and when control of the goods passes from the seller, Wenzhou, to the buyer, Zigi, and the seller, Wenzhou, cannot know whether, for example, the goods which may have been "untimely" delivered or of "poor quality" were subsequently sold, destroyed or are maintained by Zigi in stock for later sale.   So, for example, one federal court, discussing Maryland law respecting why there should be an accounting, focused on the fact, as here, that the duty to render an accounting rests on the party which  knows those facts and has records which are known and kept exclusively by that party.  *See, e.g., Gruppo Essenziero Italiano, S.p.A. v. Aromi D'Italia, Inc*., Civil No. CCB-08-65,  2011 WL 3207555, 2011 U.S. Dist. LEXIS 82217, at *20 (D. Md. July 27, 2011) (citing *P.V. Props., Inc. v. Rock Creek Village Assocs. Ltd. P'ship*, 77 Md. App. 77, 549 A.2d 403, 409 (Md. Ct. Spec. App. 1988) (in turn citing *Gianakos v. Magiros,* 238 Md. 178, 208 A.2d 718 (1965)).  "The one obliged to account does not fulfill his duty by supplying only that which the beneficiary requests, that which is conveniently accessible, or remaining silent  in the face of the [one demanding an accounting] inevitable difficulty in trying to construct or reconstruct accounts which ought to have been kept and available." *Bynum v. Baggett Transp. Co.*, 228 F.2d 566, 573-574 (5th Cir. 1956).

**E.      Conclusion**

Because there are no genuine issues of fact as to the requested partial summary judgment with damages as to Count 1 of the Complaint, this Court will grant partial summary judgment with damages as to that Count.  The Motion and supporting materials—including the facts considered undisputed—show that the Plaintiff, Wenzhou Delang Imp. & Exp. Trade Co., Ltd**.**, is entitled to it.

Having concluded the above , **it is ORDERED AND ADJUDGED:**

1.    Plaintiff's Motion For Partial Summary Judgment against Zigi USA, LLC as to Count 1 of the Complaint is granted.

2.    Judgment is entered for Plaintiff, Wenzhou Delang Imp. & Exp. Trade Co., Ltd., against Defendant, Zigi USA LLC, in the amount of $1,158,767.35.

3.    The Court reserves jurisdiction as to all other matters, including but not limited to attorney's fees, interest, cost and any other such relief the Court deems necessary and proper.

**DONE AND ORDERED** in Miami, Florida this _____ day of _____ 2023.

_____
K. Michael Moore
United States District Judge

Cc:    counsel of record

19

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
DISTRICT JUDGE K. MICHAEL MOORE
MAGISTRATE JUDGE LAUREN F. LOUIS
CASE NO: 1:23-CV-21082-KMM**

WENZHOU DELANG IMP. & EXP.
TRADE CO., LTD., a Chinese limited
liability company,

       Plaintiff,                        CASE NO: 1:2023-cv-21082-KMM

v.

ZIGI USA LLC, a Florida limited liability
company,

       Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST ZIGI USA, LLC AS TO COUNT 1 OF THE COMPLAINT**

THIS MATTER having come before the Court on the motion of  Plaintiff, Wenzhou

Delang Imp. & Exp. Trade Co., Ltd., ("Wenzhou" or "Plaintiff"), pursuant to *Fed R. Civ P.* 56, for

partial summary judgment ("Motion") against Defendant, Zigi USA LLC ("Zigi" or "Defendant"),

requesting that the Court conclude that Zigi breached its agreement with Wenzhou under the

United Nations Convention on Contracts for the International Sale of Goods ("CISG") and is liable

to Plaintiff for damages as alleged in Count 1 of the Complaint (ECF #1).  The Court having

considered the Motion concludes that it should be GRANTED, reserving jurisdiction for issues

remaining in the case, including, but not limited to, Wenzhou's right to and amount of prejudgment

interest, attorney's fees and costs for the reasons indicated below:.

In support of the Motion, Plaintiff relies on (a) the Complaint (ECF No. 1),  and (b) the

facts contained and supported in its Statement of Material Facts in Support of Plaintiff's Motion

for Partial Summary Judgment against Zigi USA, LLC as to Count 1 of the Complaint ("Statement of Material Facts"), filed contemporaneously with the Motion as required by S.D. Fla. L.R. 56.1. The Statement of Material Facts is supported by the facts contained in the (a) October 23, 2023, Affidavit and Declaration of Jian Huang in Support of Plaintiffs' Motion For Partial Summary Judgment Against Zigi USA, LLC as to Count I of the Complaint ("Huang Affidavit"), (b) October 23, 2023, Affidavit and Declaration of Jin Quan in Support of Plaintiffs' Motion For Partial Summary Judgment Against Zigi USA, LLC as to Count I of the Complaint ("Quan Affidavit"), respectively Plaintiff's general and sales managers, (c) facts for which Plaintiff filed Plaintiff's Request for Judicial Notice contemporaneously with the Motion, (d) October 31, 2023, Deposition of Marc Bernard, Zigi's COO,  and (e) November 15, 2023, Supplemental Affidavit and Declaration of Jian Huang in Support of Plaintiffs' Motion For Partial Summary Judgment Against Zigi USA, LLC as to Count I of the Complaint, attached to the Statement of Material Facts, respectively, as Exhibits "A" -"E."

This court has federal question jurisdiction under 28 USCS § 1331, because the rights of Plaintiff, Wenzhou, arise under and pursuant to the [CISG] which is a self-executing treaty ratified by the United States Senate which created a private right of action in federal court,  *See, e.g., generally Asante Techs. v. PMC-Sierra, Inc*.,164 F. Supp. 2d 1142, (N.D. Cal. 2001). *See also* Complaint (ECF No. 1) at ¶3; Statement of Material Facts at ¶5; Req. Jud. Not. at ¶4.

**A.     Allegations in the Pleadings and Support in the Statement of Material Facts**

Wenzhou, a Chinese limited liability company with its principal place of business in the People's Republic of China, and Zigi, a Delaware limited liability company with its principal place of business in Miami-Dade County, Florida, entered into an agreement for Zigi to purchase and Wenzhou to sell goods, shoes, which Zigi intended to resell to its customers, and which were not

2

bought for the personal, family or household use of Zigi.  *See* Complaint (ECF No. 1) at ¶¶1, 2, 7 and 8; Statement of Material Facts at ¶¶3-7. "Purchase orders under and subject to the agreement were subsequently entered into."  *See* Complaint (ECF No. 1) at ¶9; Statement of Material Facts at ¶¶5, 7.  A form of those purchase orders has been attached as Exhibit "A." to the Huang Affidavit and Quan Affidavit, Exhibits "A" and "B" to the Statement of Material Facts.

 "Pursuant to the CISG, Article 11, the contract of sale need not be concluded in or evidenced by writing and is not subject to any other requirement as to form." "It may be proved by any means," including "purchase orders between Defendant and Plaintiff, the communications between them, their course of dealings, performance, and/or through witnesses,"  *See* Complaint (ECF No. 1) at ¶10; CISG Art. 11. *See also, e.g., Asia Telco Techs. v. Brightstar Int'l Corp*., 2015 Case No. 15-20608-Civ-Scol, 2015 U.S. Dist. LEXIS 178099, at *9 (S.D. Fla. Aug. 20, 2015).

Finally, Count 1 alleges and the facts support that, pursuant to the CISG, "Plaintiff, Wenzhou, delivered goods to Defendant, Zigi, as agreed," but that Zigi breached the agreement by failing to pay Plaintiff in full for some goods, thereby damaging Plaintiff in the amounts indicated in Exhibit "A" attached to the Complaint (ECF No.1), $1,158,767.35.  *See* Complaint (ECF No. 1) at ¶¶7-14; Statement of Material Facts at ¶¶7-10.  Count 1 demands judgment for Plaintiff, Wenzhou, against Defendant, Zigi, for damages, prejudgment interest, costs and any further relief the court finds appropriate.

No answer has yet been filed.  On April 11, 2023, Zigi filed a motion to dismiss (ECF No. 11) the Complaint (ECF No. 1), to which Wenzhou filed a memorandum in opposition (ECF No. 15) on April 17, 2023.  The Court has not yet rendered a decision on the motion to dismiss.

Pursuant to order of the Court (ECF No. 20), Plaintiff is required to file any motion for summary judgment no later than November 24, 2023.  Pursuant to *Fed, R. Civ. P.* 56(b), a party

may otherwise "file a motion for summary judgment at any time until 30 days after the close of all discovery," "even as early as the commencement of the action."  See *Notes of Advisory Committee on 2009 amendments* to *Fed, R. Civ. P.* 56.  The Motion has been timely filed.

**B.     Summary Judgment Standard**

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the *Celotex* trilogy, and their progeny require granting the Motion. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting *Fed. R. Civ. P.* 1). "[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case."  *Anderson*, 477 U.S. at 255.

The test for whether a genuine issue of fact exists is whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 258. So, for example,

> When considering the evidence, courts generally must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the [summary judgment] motion." *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (citation and internal quotation marks omitted) (alteration in original). However, facts need not be viewed in the light most favorable to the nonmoving party where a dispute over those facts is not "genuine." *Id. at 380.* "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

*Martin v. Allstate Prop. & Cas. Ins. Co*., 794 Fed. Appx. 883, 886 (11th Cir. 2019).[1]

---

[1] On summary judgment, a court's function is "to determine whether there is a genuine issue for

However, a movant that does not bear the burden of persuasion or proof at trial can also obtain summary judgment without disproving the nonmovant's case.  Under *Celotex*, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case. " *Celotex,* 477 U.S. at 325.  See also *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1437-1438 (11th Cir. 1991) (citing *Celotex*, 477 U.S. at 323, for the proposition that "[i]f the nonmoving party fails to 'make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof,' the moving party is entitled to summary judgment."  *See also City of S. Miami v. DeSantis*, 508 F. Supp. 3d 1209, 1221 n. 10 (S.D. Fla. 2020) (quoting *Celotex*, 477 U.S. at 323, and granting and denying in part plaintiff's motion for summary judgment and denying defendant's motion for summary judgment).

As a consequence, because Zigi has not pled affirmative defenses, and even if it had, Wenzhou does "not have to adduce affirmative evidence to disprove" any defense Zigi might allege.  Although Plaintiff has filed affidavits supporting the Motion, there is no requirement that Wenzhou "support its motion with affidavits, declarations pursuant to 28 USCS § 1746 or other

---

trial;" "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," if the case were jury tried. *Anderson*, 477 U.S. at 249 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co*., 391 U.S. 253, 288-289 (1968)).  If a party "moves for summary judgment . . . the judge's inquiry . . . unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *See, e.g., Langston v. ACT*, 890 F.2d 380, 383 n. 7 (11th Cir. 1989) (quoting *Anderson*, 477 U.S. at 252 (in turn citing *Improvement Co*. v. *Munson,* 14 Wall. 442, 448 (1872)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *See, e.g., Levin v. Palm Beach Cty.,* 752 Fed. Appx. 734, 738 (11th Cir, 2018) (citing *Matsushita Elec. Indus. Co*., 475 U.S. at 587 (in turn citing Cities *Cities Serv. Co.,* 391 U.S. at 289) (Emphasis added).  The Statement of Material Facts filed with the instant Motion contains "particular parts of materials in the record" showing why Zigi cannot genuinely dispute the preponderance of the evidence against it as to Count 1 of the Complaint (ECF No.1) and why any materials which it may "cite do not establish . . . presence of a genuine dispute."

similar materials negating Zigi's possible, or even actual, defenses.  *See, e.g., Celotex,* 477 U.S. at 323.

Even if Zigi was to indicate some fact in opposition to the Motion, that, too, does not require that the Motion be denied.  By its very terms, the summary judgment standard "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Pesci v. Budz*, 935 F.3d 1159, 1165 (11th Cir. 2019) (quoting *Anderson*, 477 U.S. at 247-248). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  *Cutler Bay Apts., LLC v. Bank of Am., N.A.*, 805 Fed. Appx. 996, 1000 (11th Cir, 2020) (quoting *Anderson*, 477 U.S. at 249-250).[2] Likewise, if the factual context renders Defendant's defenses implausible, Zigi, as respondent to the Motion, "must come forward with more persuasive evidence to support [its] claim than would otherwise be necessary." *See, e.g., Matsushita Elec. Indus. Co., 475 U.S.* at 587.

Because "there is no genuine issue as to any material fact" and because Wenzhou "is entitled to judgment as a matter of law" as to Count 1, "[t]he inquiry to be performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party*." Anderson*, 477 U.S. at 250, 258

---

[2] Under *Fed. R. Civ. P.* 56, summary judgment may no longer be denied because there is a *scintilla* of evidence in support of a case; "recent decisions of high authority have established a more reasonable rule, that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Anderson*, 477 U.S. at 251 (noting at pages 251-252 that the inquiry for a directed verdict and for summary judgment "is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").  Judges are no longer to submit "a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party." *Id*. at 251 (quoting *Improvement Co*., 14 Wall. at 448).

(Emphasis added). *See also FTC v. Lalonde,* 545 Fed. Appx. 825, 836 (11th Cir. 2013). For a dispute to be genuine "there must be more than 'some metaphysical doubt as to the material facts.' " *Anderson*, 477 U.S. at 261 (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 586).

## C.     Applicability of the CISG, generally

The sale of goods in this matter was from China to the United States. *See* Statement of Material Facts at ¶¶3-5.  Consequently, the sale is governed by the CISG, because "China and the United States are both signatories to the CISG;" "[a]s a treaty to which the United States is a signatory, the CISG is federal law" and "governs the formation of and rights and obligations under contracts for the international sale of goods."   *See, e.g., Strategy Enters. Ltd. v. Zigi USA LLC*, CASE NO. 21-23965-CIV-ALTONAGA/Torres, 2021 U.S. Dist. LEXIS 247530, at *4 (S.D. Fla. Dec. 29, 2021) (quoting *Caterpillar, Inc. v. Usinor Industeel*, 393 F. Supp. 2d 659, 673 (N.D. Ill. 2005)); *Asia Telco Techs*., Case No. 15-20608-Civ-Scola.2015 U.S. Dist. LEXIS 178099, at **5, 7 n.3, and 8-9 (S.D. Fla/ August 20, 2015); *Weihai Textile Group Imp. & Exp. Co. v. Level 8 Apparel*, 11 Civ. 4405 (ALC)(FM), 2014 U.S. Dist. LEXIS 53688, at **15, 16 (S.D.N.Y. Mar. 28, 2014) (citing S. Treaty Doc. No. 9, 98th Cong., 1st Sess. 22 (1983), 19 I.LM. 671, reprinted at 15 U.S.C. app. (1997) and holding the CISG is "a self-executing treaty, binding on all signatory nations, that creates a private right of action in federal court under federal law").  The CISG "sets out substantive provisions of law to govern the formation of international sales contracts and the rights and obligations of the buyer and seller."  *See, e.g., Am's Collectibles Network, Inc. v. Timlly (HK)*, 746 F. F. Supp. 2d 914, 918 (E.D. Tenn. 2010).  If a contract for the sale of goods from one signatory country to another "exists, it must be governed by the CISG."  *Asia Telco Techs.*, 2015 U.S. Dist. LEXIS 178099, at **11-12 (cited in *Strategy Enters. Ltd.,* 2021 U.S. Dist. LEXIS 247530, at *5).  The parties to a contract subject to the CISG have a duty to comply with its

requirements.

**D.    Particular application of the CISG to the instant facts**

**1.   The Instant Contract**

"A plaintiff asserting a breach of contract claim under the CISG must show: '(1) the existence of a valid and enforceable contract containing both definite and certain terms, (2) performance by plaintiff, (3) breach by defendant and (4) resultant injury to plaintiff.'" *Ningbo Yang Voyage Textiles Co. v. Sault Trading*, 18-CV-1961 (ARR) (ST), 2019 WL 5399973, 2019 U.S. Dist. LEXIS 155405, at *7 (E.D.N.Y. Sept. 10, 2019) (quoting *Magellan Int'l Corp. v. Salzgitter Handel GmbH*, 76 F. Supp. 2d 919, 924 (N.D. Ill. 1999) and citing CISG, Art. 74). *See also e.g., Supercase Enter. Co. v. Marware, Inc.*, CASE NO. 14-61158-CIV-DIMITROULEA, 2014 WL 12495261, 2014 U.S. Dist. LEXIS 195225, at *12 (S.D. Fla. Nov. 24, 2014).   The Plaintiff has done so in this case.

Article 8 of the CISG directs courts to consider extrinsic evidence of the parties' intent.   It says,

> (1) For the purposes of this Convention statements made by and other conduct of a party are to be interpreted according to his intent where the other party knew or could not have been unaware what that intent was.
> (2) If the preceding paragraph is not applicable, statements made by and other conduct of a party are to be interpreted according to the understanding that a reasonable person of the same kind as the other party would have had in the same circumstances.
> (3) In determining the intent of a party or the understanding a reasonable person would have had, due consideration is to be given to all relevant circumstances of the case including the negotiations, any practices which the parties have established between themselves, usages and any subsequent conduct of the parties.

Under Article 11 of the CISG, "[a] contract of sale need not be concluded in or evidenced by writing and is not subject to any other requirement as to form," and "[i]t *may be proved by any means*, including witnesses."   (Emphasis added).   "[T]he CISG, unlike American contract law,

8

includes no parol-evidence rule, and 'allows all relevant information into evidence even if it contradicts the written documentation.'" *Weihai Textile Group Imp. & Exp. Co.*, 2014 U.S. Dist. LEXIS 53688, at *25 (citing *TeeVee Toons, Inc. v. Gerhard Schubert GmbH*, No. 00 Civ. 5189 (RCC), 2006 WL 2463537, 2006 U.S. Dist. LEXIS 59455, at *7 (S.D.N.Y. Aug. 23, 2006) (citation omitted). A statute of frauds is not applicable under the CISG.  *See, e.g., Texmont Design LTD v. Halston Operating Co. LLC*, Case No.: CV 18-10164-CJC (GSJx), 2023 U.S. Dist. LEXIS 132779 (C.D. Cal June 21, 2023) (granting a motion in limine excluding evidence because a "statute of frauds defense is irrelevant); *It's Intoxicating, Inc. v. Maritim Hotelgesellschaft mbH*, Civil No. 11-CV-2379, 2013 WL 3973975. 2013 U.S. Dist. LEXIS 107149, at *51 (M.D. Pa. July 31, 2013)). Consequently, under the CISG, a contract may be modified by the oral agreement of the parties without a writing. *See, e.g., Weihai Textile Group Imp. & Exp. Co.*, 2014 U.S. Dist. LEXIS 53688, at **16-17.  The CISG " allows the Court to consider statements or conduct of a contracting party to establish, modify, or alter the terms of a contract." *See, e.g., Miami Valley Paper, LLC v. Lebbing Eng'g & Consulting GmbH*, 1:cv- 05-702, 2010 U.S. Dist. LEXIS 159825, *5 (S.D. Ohio February 2, 2010).

Pursuant to CISG Art. 8 and CISG Art. 11, there is a contract between Wenzhou and Zigi "proven by a document, oral representations, conduct, or some combination of the three," *see, e.g., Geneva Pharms. Tech. Corp. v. Barr Labs., Inc*., 201 F. Supp. 2d 236, 281 (S.D.N.Y. 2002); Statement of Material Facts at ¶¶7-9.  "The usages and practices of the parties or the industry are automatically incorporated into any agreement governed by the [CISG], unless expressly excluded by the parties." *Id.* (citing CISG Art. 9). Here, the contract is evidenced by the delivery of the goods by Wenzhou to Zigi pursuant to purchase orders.  *See* Statement of Material Facts at ¶¶8, 9. Zigi has not returned, attempted to return or notified Wenzhou that it wished to return any of the

goods delivered by Wenzhou to Zigi, and Zigi has not made restitution of the goods substantially in the condition in which it received them. *See* Statement of Material Facts at ¶22, 25.

Article 53 of the CISG requires Zigi to "pay the price for the goods and take delivery of them as required by the contract and [the CISG]." *See also* CISG Art. 62. Article 58(1) states that "[i]f the buyer[, Zigi,] is not bound to pay the price at any other specific time, it must pay it when the seller[, Wenzhou,] places either the goods or documents controlling their disposition at the buyer's disposal in accordance with the contract and [the CISG]." Because Zigi failed to perform its obligations under the CISG, as discussed below, and because Zigi authorized Wenzhou to deliver its shoes on every occasion, Zigi agreed to accept delivery of the shoes from Wenzhou, and Wenzhou has the right to "claim damages as provided in articles 74 to 77" of the CISG. *See* CISG Arts. 61(1)(b), 62. "The CISG permits damages 'equal to the loss, including loss of profit, suffered by the other party as a consequence of the breach.'" *See, e.g., Orica Austl. Pty. Ltd. v. Aston Evaporative Servs., LLC*, Civil Action No. 14-cv-0412-WJM-CBS, 2015 U.S. Dist. LEXIS 98248, at *23 (D. Colo. July 28, 2015) (citing CISG Article 74). Article 78 of the CISG also permits Wenzhou to recover prejudgment and post judgment interest on the unpaid amount. *See, e.g., Hefei Ziking Steel Pipe Co. v. Meever & Meever*, CIVIL ACTION NO. 4:20-CV-00425, 2021 WL 4267162, 2021 U.S. Dist. LEXIS 178406, at *24 (S.D. Tex. Sept. 20, 2021).

Article 25 of the CISG states that "[a] breach of contract committed by one of the parties is fundamental if it results in such detriment to the other party as substantially to deprive him of what he is entitled to expect under the contract," in this case to be paid for the goods which Plaintiff delivered to the Defendant.

Moreover, in interpreting a contract subject to the CISG "when a question concerning a matter governed by [it] is not expressly settled in it, the question is to be settled in conformity with

the general principles on which [it] is based." *See* <u>Explanatory Note by the UNCITRAL Secretariat</u> <u>on the CISG</u>, *Part one. Scope of application and general provisions*, C. Interpretation of the Convention. "The CISG was adopted for the purpose of establishing 'substantive provisions of law to govern the formation of international sales contracts and the rights and obligations of the buyer and the seller.'" *Asante Techs. v. PMC-Sierra, Inc*., 164 F. Supp. 2d 1142, 1146, 1151 (N.D. Cal. July 27, 2001) (quoting U.S. Ratification of 1980 United Nations Convention on Contracts for the International Sale of Goods: Official English Text, 15 U.S.C. App. at 52 (1997))  The CISG's "intent can be discerned from the introductory text, which states that 'the adoption of uniform rules which govern contracts for the international sale of goods and take into account the different social, economic and legal systems would contribute to the removal of legal barriers in international trade and promote the development of international trade." *Id.* at 1151 (citing 15 *U.S.C. App*. at 53).  The CISG is applied so that parties to an international sales transaction are able "to predict the applicable law." *Id*. at 1151. The CISG "provides uniform rules to govern the questions that arise in making and performance of the contract" for the international sale of goods. *Id.* (quoting Secretary of State's Letter of Submittal of the CISG to the President).

### 2. Delivery

It is not clear if Zigi intends to allege that the goods delivered by Wenzhou were untimely, as it did in its Answer at paragraphs 23-33 in *Strategy Enters. Ltd. v. Zigi USA LLC*, CASE NO. 21-23965-CIV-ALTONAGA/Torres, 2021 U.S. Dist. LEXIS 247530, at *4 (S.D. Fla. Dec. 29, 2021), *see* Statement of Facts at ¶5, but it is expected to do so.  The court will first discuss generally Zigi's duties under the CISG on delivery.  Later, it will discuss Zigi's duties respecting nonconformity/quality and untimely delivery.

In this case, Wenzhou delivered the goods to the carrier in China selected and as directed

by Zigi and for whom Zigi paid, and as a result Wenzhou lost any control over those goods once they were delivered to that carrier. *See* Statement of Facts at ¶¶9-11. The last date that the goods subject to purchase orders between Wenzhou and Zigi were delivered to a carrier for Zigi was February 2, 2022. *See* Statement of Facts at ¶21. All goods which Wenzhou delivered to Zigi's carrier were delivered after Wenzhou inspected them and determined that they met the terms of the agreement between Wenzhou and Zigi, and after a representative of Zigi inspected and approved the quality of the goods or had the opportunity to inspect them for Zigi. *See* Statement of Facts at ¶12.

Once the goods were handed over to a carrier, the risk of damage and untimely delivery for the goods which may have happened during the transportation of them passed to Zigi. *See, e.g.,* Statement of Facts at ¶11. With Wenzhou having delivered the goods as required by Zigi to its carrier, under Article 60(b) of the CISG, Zigi is required to do *"all the acts which could reasonably be expected of* [it] … in taking over the goods." In the instant case**,** the risk of late delivery or lack of care for the goods during delivery was assumed by Zigi from the time the goods were handed over to the approved Zigi selected carrier who issued the documents embodying the contract of carriage. *See* CISG Arts. 68 and 69. And, to paraphrase what Article 66 of the CISG says, "Loss of or damage to the goods after the risk has passed to the buyer does not discharge [Zigi] from [its] obligation to pay the price, unless the loss or damage is due to an act or omission of the seller."

### 3. Lack of conformity to the contract – Quality and Timeliness

The only occasion when Zigi claimed goods delivered by Wenzhou were defective was for a delivery of shoes which Zigi claimed were moldy. Statement of Facts at ¶14. Under Article 36(1) of the CISG, Wenzhou is only "liable in accordance with the contract and [the CISG] for any lack of conformity which exists at the time when the risk passes to the buyer, even though the

lack of conformity becomes apparent only after that time."

Article 35 of the CISG controls breach of warranty claims.  *See, e.g., Miami Valley Paper, LLC v. Lebbing Engineering & Consulting Gmbh,* No. 1:05-CV-00702, 2009 WL 818618, 2009 U.S. Dist. LEXIS 25201, at *28 (S.D. Ohio, Mar. 26, 2009).  Article 35 says (Emphasis added),

(1)    The seller must deliver goods which are of the quantity, quality and description required by the contract and which are contained or packaged in the manner required by the contract.

(2)    Except where the parties have agreed otherwise, the goods do not conform with the contract unless they:

(a)  are fit for the purposes for which goods of the same description would ordinarily be used;
(b)  are fit for any particular purpose expressly or impliedly made known to the seller at the time of the conclusion of the contract, except where the circumstances show that the buyer did not rely, or that it was unreasonable for him to rely, on the seller's skill and judgement;
(c)  possess the qualities of goods which the seller has held out to the buyer as a sample or model;
(d)  are contained or packaged in the manner usual for such goods or, where there is no such manner, in a manner adequate to preserve and protect the goods.
(e)  *The seller is not liable under subparagraphs (a) to (d) of the preceding paragraph for any lack of conformity of the goods if, at the time of the conclusion of the contract, the buyer knew or could not have been unaware of such lack of conformity.*

In this case, all goods which Wenzhou delivered to Zigi's carrier were delivered after Wenzhou inspected them and determined that they met the terms of the agreement between Wenzhou and Zigi, and after a representative of Zigi inspected and approved the quality of the goods or had the opportunity to inspect them for Zigi, and, consequently, Zigi "knew or could not have been unaware of [any] lack of conformity" as to Zigi's quality requirements, if there was any. *See* Statement of Material Facts at ¶12.  Consequently, Plaintiff cannot legally be liable under Article 35 of the CISG for any lack of quality conformity of the goods, even the moldy shoes which are not part of Wenzhou's claims in this case, as discussed below.

13

While Wenzhou does not know (a) if Zigi, inspected the specific container containing any moldy shoes and therefore "knew or could not have been unaware" that the shoes were moldy at the time the shoes claimed to be moldy were delivered to Zigi, the buyer, or (b) if the moldy condition claimed by Zigi occurred during Zigi's control of the transportation of the shoes to the United States, Wenzhou is not, in any event, seeking any payment for the moldy shoes and has waived any claim that Zigi should pay for those shoes. *See* Statement of Material Facts at ¶¶13-17. Attached as Exhibit "A" to the Supplemental Affidavit and Declaration of Jian Huang in Support of Plaintiffs' Motion For Partial Summary Judgment Against Zigi USA, LLC as to Count I of the Complaint, attached to the Statement of Material Facts as Exhibit "E." is a debit memo signed by Wenzhou in the amount claimed by Zigi for moldy shoes indicating that Wenzhou would not claim any amount for shoes that were moldy when delivered. *See* Statement of Material Facts at ¶17.

Article 49 of the CISG discusses the duties of a buyer, such as Zigi, which must be complied with before it may avoid making payments pursuant to its contract with Wenzhou for both untimely delivery and quality of the goods delivered. It says, as pertinent to the instant matter, in Article 49(2) that "in cases where the seller has delivered the goods, the buyer loses the right to declare the contract avoided[, thereby abrogating the buyer's obligation to pay,] unless [it] does so under Article 49(2)(a) in respect of late delivery, within a reasonable time after [it] has become aware that delivery has been made" and under Article 49(2)(b)(i) "in respect of any breach other than late delivery, within a reasonable time … after [it] knew or ought to have known of the breach." Zigi did not declare the contract avoided. *See also* Statement of Material Facts at ¶24.

An example of the purchase orders between Wenzhou and Zigi is attached as Exhibit "A" to the affidavits of Jian Huang and Jin Quan, Exhibits "A" and "B" to the Statement of Material

Facts. See Statement of Material Facts at ¶7. Respecting dates of delivery and quality of the goods, the purchase orders say,

> Please review all details on this purchase agreement and sign and return to us. By signing this agreement, the factory and/or agent confirm that the price is accurate, the delivery time is acceptable and agrees to meet all Zigi requirements for quality standards. The factory and/or Agent also agree to ship all goods on time as required with the data issued on the purchase order. Any issue with quality or delays in shipment will result in chargebacks, and/or the goods be shipped by airfreight at the factory and/or Agent cost.

The officers of Wenzhou testified that the dates of delivery on the purchase orders were expected or estimated dates of delivery. *See* Statement of Facts at ¶19. That the delivery dates were expected or estimated is supported by the fact that all goods were delivered in each case, even if not delivered on the date indicated in a purchase order, after Wenzhou informed Zigi that the goods were ready for shipment, only after Zigi inspected or had the opportunity to inspect and only after Zigi instructed Wenzhou to deliver them without stating that they should not be delivered due to the actual delivery date being past the contract date or due to the quality of the goods. *See* Statement of Facts at ¶¶10, 12.

Whether the dates on purchase orders were just estimated or expected dates or required delivery dates, by not objecting at the time that goods were delivered after being informed of the delivery, by approving the delivery to its carrier on the dates that all Wenzhou goods were delivered and by not avoiding the contract between the parties, Zigi either

(a)     modified the date of delivery in the purchase order as permitted under Article 11 of the CISG, because, as pointed out above, under the CISG "[a] contract of sale need not be concluded in or evidenced by writing and is not subject to any other requirement as to form," and "[i]t *may be proved by any means*, including witnesses," and "[t]he CISG, unlike American contract law, includes no parol-evidence rule, and 'allows all relevant information into evidence

even if it contradicts the written documentation,' " *see  Weihai Textile Group Imp. & Exp. Co.*, 2014 U.S. Dist. LEXIS 53688, at *25 (citing *TeeVee Toons, Inc*, 2006 U.S. Dist. LEXIS 59455, at *7), and a statute of frauds is not applicable under the CISG, *see, e.g., generally, Texmont Design LTD*, 2023 U.S. Dist. LEXIS 132779, or

(b)        voluntarily and intentionally relinquished, i.e. waived, any right it had to insist on timely delivery and any argument that the goods were not timely delivered.   "Waiver is the voluntary, intentional relinquishment of a known right." *See, e.g., Smith v. R.J. Reynolds Tobacco Co*,_ 880 F.3d 1272, 1280 (11th Cir. 2018) (citing *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1347 (11th Cir. 1994); *Wood v. Milyard*, 566 U.S. 463, 470 n.4, 132 S. Ct. 1826, 182 L. Ed. 2d 733 (2012)).

By authorizing Wenzhou to deliver its shoes to the carrier selected by Zigi and by not avoiding the purchase order contracts for any delivery from Wenzhou to it, Zigi did not meet the CISG Article 49(2)(a) requirement "in cases where the seller has delivered the goods,"  that it could only declare the contract avoided "within a reasonable time after [it became] aware that delivery has been made."  Because Zigi authorized Wenzhou to deliver the goods, it is obligated to pay for them even if, *arguendo*, the delivery did not meet the dates on purchase orders. Had Zigi not wanted them to be delivered due to some claim of untimeliness, it should have informed Wenzhou of that before the goods were delivered to the carrier chosen by Zigi. Zigi did not do so.

In addition,

a.        Zigi has not returned, attempted to return or notified Wenzhou that it wished to return any of the goods delivered by Wenzhou to Zigi, and Zigi has not made restitution of the goods substantially in the condition in which it received them,

b.        Wenzhou has received no notice from Zigi that goods delivered by

Wenzhou to Zigi did not conform to the terms of the agreement between them and specifying the nature of the lack of conformity, but in any event Wenzhou does not claim any amounts for any goods nonconforming as to quality, and

    c. Zigi never notified Wenzhou, after it delivered goods to Zigi's carrier, that the purchase orders for which the delivery had been made were avoided, either because they were late or did not conform to quality requirements.  *See* Statement of Material Facts at ¶¶22-24.

  Zigi has also never made restitution of any part of the goods delivered by Wenzhou whether the goods were late or of an unsatisfactory quality,  *See* Statement of Material Facts at ¶25.  Consequently, as Zigi never made restitution, under Article 84 (2) of the CISG, Zigi was obligated to account to Wenzhou "for all benefits which [Zigi] has derived from the goods or part of them," which Zigi has never done.  *See* Statement of Material Facts at ¶¶25 - 27.  Because Wenzhou's right to an accounting is established under Article 84 of the CISG, Zigi has "the burden of establishing each credit or deduction by competent and substantial evidence."  *See, e.g., Rasmussen v. Cent. Fla. Council BSA, Inc*., Case No. 6:07-cv-1091-Orl-19GJ, 2008 WL 1744773, 2008 U.S. Dist. LEXIS 31063, at *11 (M.D. Fla. April 11, 2008) (citing *Beckerman v. Greenbaum*, 439 So. 2d 233, 236 (Fla 2d DCA 1983)).  Respectfully, that failure to account "for all benefits which [Zigi] has derived from the goods or part of them," a breach of the CISG, alone is sufficient for the Court to conclude that Zigi may not recover damages of any kind.

  "[T]he purpose of an accounting is to determine the amount due to the aggrieved party' and  to discover what, if any, sums are owed to the plaintiff."  *See, e.g., Uhlig, LLC v. Shirley*, Civil Action No. 6:08-cv-01208-JM, 2012 WL 2711505, 2012 U.S. Dist. LEXIS 94006, at *6-7 (D. S.C. July 9, 2012) (even so holding under the facts of that case that an accounting would not be had); *Bongiovanni v. State Farm Fin. Servs*., CV-15-00566-MWF (SSx), 2015 WL 13916261,

2015 U.S. Dist. LEXIS 200698, at *20 (C.D. Cal. July 22, 2015)  (citing *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 180, 92 Cal. Rptr. 3d 696 (2009)).  Another "purpose of an accounting is to disgorge profits gained through wrongful conduct," *see, e.g., Eckel Indus. v. Primary Bank*, 26 F. Supp. 2d 313, 318 (D. N.H. 1998), such as keeping goods and not paying for them, including where fraud, as alleged in the Complaint (ECF No. 1) at ¶¶20 - 33, is involved.

In addition to Zigi being required by the CISG to give an accounting because there is no restitution of the goods to Wenzhou, an accounting is particularly important in a case such as this when there are so many documents involved and when control of the goods passes from the seller, Wenzhou, to the buyer, Zigi, and the seller, Wenzhou, cannot know whether, for example, the goods which may have been "untimely" delivered or of "poor quality" were subsequently sold, destroyed or are maintained by Zigi in stock for later sale.   So, for example, one federal court, discussing Maryland law respecting why there should be an accounting, focused on the fact, as here, that the duty to render an accounting rests on the party which  knows those facts and has records which are known and kept exclusively by that party.  *See, e.g., Gruppo Essenziero Italiano, S.p.A. v. Aromi D'Italia, Inc.*, Civil No. CCB-08-65,  2011 WL 3207555, 2011 U.S. Dist. LEXIS 82217, at *20 (D. Md. July 27, 2011) (citing *P.V. Props., Inc. v. Rock Creek Village Assocs. Ltd. P'ship*, 77 Md. App. 77, 549 A.2d 403, 409 (Md. Ct. Spec. App. 1988) (in turn citing *Gianakos v. Magiros,* 238 Md. 178, 208 A.2d 718 (1965)).  "The one obliged to account does not fulfill his duty by supplying only that which the beneficiary requests, that which is conveniently accessible, or remaining silent  in the face of the [one demanding an accounting] inevitable difficulty in trying to construct or reconstruct accounts which ought to have been kept and available."  *Bynum v. Baggett Transp. Co.*, 228 F.2d 566, 573-574 (5th Cir. 1956).

**E.      Conclusion**

Because there are no genuine issues of fact as to the requested partial summary judgment with damages as to Count 1 of the Complaint, this Court will grant partial summary judgment with damages as to that Count.  The Motion and supporting materials—including the facts considered undisputed—show that the Plaintiff, Wenzhou Delang Imp. & Exp. Trade Co., Ltd**.**, is entitled to it.

Having concluded the above , **it is ORDERED AND ADJUDGED:**

1.      Plaintiff's Motion For Partial Summary Judgment against Zigi USA, LLC as to Count 1 of the Complaint is granted.

2.      Judgment is entered for Plaintiff, Wenzhou Delang Imp. & Exp. Trade Co., Ltd., against Defendant, Zigi USA LLC, in the amount of $1,158,767.35.

3.      The Court reserves jurisdiction as to all other matters, including but not limited to attorney's fees, interest, cost and any other such relief the Court deems necessary and proper.

**DONE AND ORDERED** in Miami, Florida this _____ day of _____ 2023.

_____
K. Michael Moore
United States District Judge

Cc:      counsel of record

19

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
DISTRICT JUDGE K. MICHAEL MOORE
MAGISTRATE JUDGE LAUREN F. LOUIS
CASE NO: 1:23-CV-21082-KMM**

WENZHOU DELANG IMP. & EXP.
TRADE CO., LTD., a Chinese limited
liability company,

       Plaintiff,                        CASE NO: 1:2023-cv-21082-KMM

v.

ZIGI USA LLC, a Florida limited liability
company,

       Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST ZIGI USA, LLC AS TO COUNT 1 OF THE COMPLAINT**

THIS MATTER having come before the Court on the motion of Plaintiff, Wenzhou Delang
Imp. & Exp. Trade Co., Ltd., ("Wenzhou" or "Plaintiff"), pursuant to *Fed R. Civ P.* 56, for partial
summary judgment ("Motion") against Defendant, Zigi USA LLC ("Zigi" or "Defendant"),
requesting that the Court conclude that Zigi breached its agreement with Wenzhou under the
United Nations Convention on Contracts for the International Sale of Goods ("CISG") and is liable
to Plaintiff for damages as alleged in Count 1 of the Complaint (ECF #1).  The Court having
considered the Motion concludes that it will be GRANTED, reserving jurisdiction for issues
remaining in the case, including, but not limited to, Wenzhou's right to and amount of prejudgment
interest, attorney's fees and costs for the reasons indicated below:.

In support of the Motion, Plaintiff relies on (a) the Complaint (ECF No. 1),  and (b) the
facts contained and supported in its Statement of Material Facts in Support of Plaintiff's Motion

1

for Partial Summary Judgment against Zigi USA, LLC as to Count 1 of the Complaint ("Statement of Material Facts"), filed contemporaneously with the Motion as required by S.D. Fla. L.R. 56.1. The Statement of Material Facts is supported by the facts contained in the (a) October 23, 2023, Affidavit and Declaration of Jian Huang in Support of Plaintiffs' Motion For Partial Summary Judgment Against Zigi USA, LLC as to Count I of the Complaint ("Huang Affidavit"), (b) October 23, 2023, Affidavit and Declaration of Jin Quan in Support of Plaintiffs' Motion For Partial Summary Judgment Against Zigi USA, LLC as to Count I of the Complaint ("Quan Affidavit"), respectively Plaintiff's general and sales managers, (c) facts for which Plaintiff filed Plaintiff's Request for Judicial Notice contemporaneously with the Motion, (d) October 31, 2023, Deposition of Marc Bernard, Zigi's COO,  and (e) November 15, 2023, Supplemental Affidavit and Declaration of Jian Huang in Support of Plaintiffs' Motion For Partial Summary Judgment Against Zigi USA, LLC as to Count I of the Complaint, attached to the Statement of Material Facts, respectively, as Exhibits "A" -"E."

This court has federal question jurisdiction under 28 USCS § 1331, because the rights of Plaintiff, Wenzhou, arise under and pursuant to the [CISG] which is a self-executing treaty ratified by the United States Senate which created a private right of action in federal court,  *See, e.g., generally Asante Techs. v. PMC-Sierra, Inc.*,164 F. Supp. 2d 1142, (N.D. Cal. 2001). *See also* Complaint (ECF No. 1) at ¶3; Statement of Material Facts at ¶5; Req. Jud. Not. at ¶4.

**A.      Allegations in the Pleadings and Support in the Statement of Material Facts**

Wenzhou, a Chinese limited liability company with its principal place of business in the People's Republic of China, and Zigi, a Delaware limited liability company with its principal place of business in Miami-Dade County, Florida, entered into an agreement for Zigi to purchase and Wenzhou to sell goods, shoes, which Zigi intended to resell to its customers, and which were not

bought for the personal, family or household use of Zigi. *See* Complaint (ECF No. 1) at ¶¶1, 2, 7 and 8; Statement of Material Facts at ¶¶3-7. "Purchase orders under and subject to the agreement were subsequently entered into." *See* Complaint (ECF No. 1) at ¶9; Statement of Material Facts at ¶¶5, 7. A form of those purchase orders has been attached as Exhibit "A." to the Huang Affidavit and Quan Affidavit, Exhibits "A" and "B" to the Statement of Material Facts.

"Pursuant to the CISG, Article 11, the contract of sale need not be concluded in or evidenced by writing and is not subject to any other requirement as to form." "It may be proved by any means," including "purchase orders between Defendant and Plaintiff, the communications between them, their course of dealings, performance, and/or through witnesses," *See* Complaint (ECF No. 1) at ¶10; CISG Art. 11. *See also, e.g., Asia Telco Techs. v. Brightstar Int'l Corp.*, 2015 Case No. 15-20608-Civ-Scol, 2015 U.S. Dist. LEXIS 178099, at *9 (S.D. Fla. Aug. 20, 2015).

Finally, Count 1 alleges and the facts support that, pursuant to the CISG, "Plaintiff, Wenzhou, delivered goods to Defendant, Zigi, as agreed," but that Zigi breached the agreement by failing to pay Plaintiff in full for some goods, thereby damaging Plaintiff in the amounts indicated in Exhibit "A" attached to the Complaint (ECF No.1), $1,158,767.35. *See* Complaint (ECF No. 1) at ¶¶7-14; Statement of Material Facts at ¶¶7-10. Count 1 demands judgment for Plaintiff, Wenzhou, against Defendant, Zigi, for damages, prejudgment interest, costs and any further relief the court finds appropriate.

No answer has yet been filed. On April 11, 2023, Zigi filed a motion to dismiss (ECF No. 11) the Complaint (ECF No. 1), to which Wenzhou filed a memorandum in opposition (ECF No. 15) on April 17, 2023. The Court has not yet rendered a decision on the motion to dismiss.

Pursuant to order of the Court (ECF No. 20), Plaintiff is required to file any motion for summary judgment no later than November 24, 2023. Pursuant to *Fed, R. Civ. P.* 56(b), a party

may otherwise "file a motion for summary judgment at any time until 30 days after the close of all discovery," "even as early as the commencement of the action."  See *Notes of Advisory Committee on 2009 amendments* to *Fed. R. Civ. P.* 56.  The Motion has been timely filed.

**B.    Summary Judgment Standard**

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the *Celotex* trilogy, and their progeny require granting the Motion. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action." *Celotex,* 477 U.S. at 327 (quoting *Fed. R. Civ. P.* 1). "[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case."  *Anderson*, 477 U.S. at 255.

The test for whether a genuine issue of fact exists is whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 258. So, for example,

> When considering the evidence, courts generally must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the [summary judgment] motion." *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (citation and internal quotation marks omitted) (alteration in original). However, facts need not be viewed in the light most favorable to the nonmoving party where a dispute over those facts is not "genuine." *Id. at 380.* "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

*Martin v. Allstate Prop. & Cas. Ins. Co*., 794 Fed. Appx. 883, 886 (11th Cir. 2019).[1]

---

[1] On summary judgment, a court's function is "to determine whether there is a genuine issue for

However, a movant that does not bear the burden of persuasion or proof at trial can also obtain summary judgment without disproving the nonmovant's case. Under *Celotex*, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case. " *Celotex,* 477 U.S. at 325. See also *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1437-1438 (11th Cir. 1991) (citing *Celotex*, 477 U.S. at 323, for the proposition that "[i]f the nonmoving party fails to 'make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof,' the moving party is entitled to summary judgment." *See also City of S. Miami v. DeSantis*, 508 F. Supp. 3d 1209, 1221 n. 10 (S.D. Fla. 2020) (quoting *Celotex*, 477 U.S. at 323, and granting and denying in part plaintiff's motion for summary judgment and denying defendant's motion for summary judgment).

As a consequence, because Zigi has not pled affirmative defenses, and even if it had, Wenzhou does "not have to adduce affirmative evidence to disprove" any defense Zigi might allege. Although Plaintiff has filed affidavits supporting the Motion, there is no requirement that Wenzhou "support its motion with affidavits, declarations pursuant to 28 USCS § 1746 or other

---

trial;" "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," if the case were jury tried. *Anderson*, 477 U.S. at 249 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co*., 391 U.S. 253, 288-289 (1968)). If a party "moves for summary judgment . . . the judge's inquiry . . . unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *See, e.g., Langston v. ACT*, 890 F.2d 380, 383 n. 7 (11th Cir. 1989) (quoting *Anderson*, 477 U.S. at 252 (in turn citing *Improvement Co*. v. *Munson,* 14 Wall. 442, 448 (1872)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *See, e.g., Levin v. Palm Beach Cty.,* 752 Fed. Appx. 734, 738 (11th Cir, 2018) (citing *Matsushita Elec. Indus. Co*., 475 U.S. at 587 (in turn citing Cities *Cities Serv. Co.,* 391 U.S. at 289) (Emphasis added). The Statement of Material Facts filed with the instant Motion contains "particular parts of materials in the record" showing why Zigi cannot genuinely dispute the preponderance of the evidence against it as to Count 1 of the Complaint (ECF No.1) and why any materials which it may "cite do not establish . . . presence of a genuine dispute."

similar materials negating Zigi's possible, or even actual, defenses.  *See, e.g., Celotex,* 477 U.S. at 323.

Even if Zigi was to indicate some fact in opposition to the Motion, that, too, does not require that the Motion be denied.  By its very terms, the summary judgment standard "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Pesci v. Budz,* 935 F.3d 1159, 1165 (11th Cir. 2019) (quoting *Anderson,* 477 U.S. at 247-248). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Cutler Bay Apts., LLC v. Bank of Am., N.A.*, 805 Fed. Appx. 996, 1000 (11th Cir, 2020) (quoting *Anderson*, 477 U.S. at 249-250).[2] Likewise, if the factual context renders Defendant's defenses implausible, Zigi, as respondent to the Motion, "must come forward with more persuasive evidence to support [its] claim than would otherwise be necessary." *See, e.g., Matsushita Elec. Indus. Co., 475 U.S.* at 587.

Because "there is no genuine issue as to any material fact" and because Wenzhou "is entitled to judgment as a matter of law" as to Count 1, "[t]he inquiry to be performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party*." Anderson,* 477 U.S. at 250, 258

---

[2] Under *Fed. R. Civ. P.* 56, summary judgment may no longer be denied because there is a *scintilla* of evidence in support of a case; "recent decisions of high authority have established a more reasonable rule, that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Anderson*, 477 U.S. at 251 (noting at pages 251-252 that the inquiry for a directed verdict and for summary judgment "is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").  Judges are no longer to submit "a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party." *Id*. at 251 (quoting *Improvement Co*., 14 Wall. at 448).

(Emphasis added). *See also FTC v. Lalonde,* 545 Fed. Appx. 825, 836 (11th Cir. 2013). For a dispute to be genuine "there must be more than 'some metaphysical doubt as to the material facts.' " *Anderson*, 477 U.S. at 261 (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 586).

## C.   Applicability of the CISG, generally

The sale of goods in this matter was from China to the United States. *See* Statement of Material Facts at ¶¶3-5.  Consequently, the sale is governed by the CISG, because "China and the United States are both signatories to the CISG;" "[a]s a treaty to which the United States is a signatory, the CISG is federal law" and "governs the formation of and rights and obligations under contracts for the international sale of goods."   *See, e.g., Strategy Enters. Ltd. v. Zigi USA LLC*, CASE NO. 21-23965-CIV-ALTONAGA/Torres, 2021 U.S. Dist. LEXIS 247530, at *4 (S.D. Fla. Dec. 29, 2021) (quoting *Caterpillar, Inc. v. Usinor Industeel*, 393 F. Supp. 2d 659, 673 (N.D. Ill. 2005)); *Asia Telco Techs.*, Case No. 15-20608-Civ-Scola.2015 U.S. Dist. LEXIS 178099, at **5, 7 n.3, and 8-9 (S.D. Fla/ August 20, 2015); *Weihai Textile Group Imp. & Exp. Co. v. Level 8 Apparel*, 11 Civ. 4405 (ALC)(FM), 2014 U.S. Dist. LEXIS 53688, at **15, 16 (S.D.N.Y. Mar. 28, 2014) (citing S. Treaty Doc. No. 9, 98th Cong., 1st Sess. 22 (1983), 19 I.LM. 671, reprinted at 15 U.S.C. app. (1997) and holding the CISG is "a self-executing treaty, binding on all signatory nations, that creates a private right of action in federal court under federal law").  The CISG "sets out substantive provisions of law to govern the formation of international sales contracts and the rights and obligations of the buyer and seller."  *See, e.g., Am's Collectibles Network, Inc. v. Timlly (HK)*, 746 F. F. Supp. 2d 914, 918 (E.D. Tenn. 2010).  If a contract for the sale of goods from one signatory country to another "exists, it must be governed by the CISG."  *Asia Telco Techs.*, 2015 U.S. Dist. LEXIS 178099, at **11-12 (cited in *Strategy Enters. Ltd.,* 2021 U.S. Dist. LEXIS 247530, at *5).  The parties to a contract subject to the CISG have a duty to comply with its

requirements.

**D.    Particular application of the CISG to the instant facts**

**1.   The Instant Contract**

"A plaintiff asserting a breach of contract claim under the CISG must show: '(1) the existence of a valid and enforceable contract containing both definite and certain terms, (2) performance by plaintiff, (3) breach by defendant and (4) resultant injury to plaintiff.'" *Ningbo Yang Voyage Textiles Co. v. Sault Trading*, 18-CV-1961 (ARR) (ST), 2019 WL 5399973, 2019 U.S. Dist. LEXIS 155405, at *7 (E.D.N.Y. Sept. 10, 2019) (quoting *Magellan Int'l Corp. v. Salzgitter Handel GmbH*, 76 F. Supp. 2d 919, 924 (N.D. Ill. 1999) and citing CISG, Art. 74). *See also e.g., Supercase Enter. Co. v. Marware, Inc*., CASE NO. 14-61158-CIV-DIMITROULEA, 2014 WL 12495261, 2014 U.S. Dist. LEXIS 195225, at *12 (S.D. Fla. Nov. 24, 2014).   The Plaintiff has done so in this case.

Article 8 of the CISG directs courts to consider extrinsic evidence of the parties' intent.  It says,

> (1) For the purposes of this Convention statements made by and other conduct of a party are to be interpreted according to his intent where the other party knew or could not have been unaware what that intent was.
> (2) If the preceding paragraph is not applicable, statements made by and other conduct of a party are to be interpreted according to the understanding that a reasonable person of the same kind as the other party would have had in the same circumstances.
> (3) In determining the intent of a party or the understanding a reasonable person would have had, due consideration is to be given to all relevant circumstances of the case including the negotiations, any practices which the parties have established between themselves, usages and any subsequent conduct of the parties.

Under Article 11 of the CISG, "[a] contract of sale need not be concluded in or evidenced by writing and is not subject to any other requirement as to form," and "[i]t *may be proved by any means*, including witnesses."  (Emphasis added).  "[T]he CISG, unlike American contract law,

8

includes no parol-evidence rule, and 'allows all relevant information into evidence even if it contradicts the written documentation.'" *Weihai Textile Group Imp. & Exp. Co.*, 2014 U.S. Dist. LEXIS 53688, at *25 (citing *TeeVee Toons, Inc. v. Gerhard Schubert GmbH*, No. 00 Civ. 5189 (RCC), 2006 WL 2463537, 2006 U.S. Dist. LEXIS 59455, at *7 (S.D.N.Y. Aug. 23, 2006) (citation omitted). A statute of frauds is not applicable under the CISG. *See, e.g., Texmont Design LTD v. Halston Operating Co. LLC*, Case No.: CV 18-10164-CJC (GSJx), 2023 U.S. Dist. LEXIS 132779 (C.D. Cal June 21, 2023) (granting a motion in limine excluding evidence because a "statute of frauds defense is irrelevant); *It's Intoxicating, Inc. v. Maritim Hotelgesellschaft mbH*, Civil No. 11-CV-2379, 2013 WL 3973975. 2013 U.S. Dist. LEXIS 107149, at *51 (M.D. Pa. July 31, 2013)). Consequently, under the CISG, a contract may be modified by the oral agreement of the parties without a writing. *See, e.g., Weihai Textile Group Imp. & Exp. Co.*, 2014 U.S. Dist. LEXIS 53688, at **16-17. The CISG " allows the Court to consider statements or conduct of a contracting party to establish, modify, or alter the terms of a contract." *See, e.g., Miami Valley Paper, LLC v. Lebbing Eng'g & Consulting GmbH*, 1:cv- 05-702, 2010 U.S. Dist. LEXIS 159825, *5 (S.D. Ohio February 2, 2010).

Pursuant to CISG Art. 8 and CISG Art. 11, there is a contract between Wenzhou and Zigi "proven by a document, oral representations, conduct, or some combination of the three," *see, e.g., Geneva Pharms. Tech. Corp. v. Barr Labs., Inc*., 201 F. Supp. 2d 236, 281 (S.D.N.Y. 2002); Statement of Material Facts at ¶¶7-9. "The usages and practices of the parties or the industry are automatically incorporated into any agreement governed by the [CISG], unless expressly excluded by the parties." *Id.* (citing CISG Art. 9). Here, the contract is evidenced by the delivery of the goods by Wenzhou to Zigi pursuant to purchase orders. *See* Statement of Material Facts at ¶¶8, 9. Zigi has not returned, attempted to return or notified Wenzhou that it wished to return any of the

goods delivered by Wenzhou to Zigi, and Zigi has not made restitution of the goods substantially in the condition in which it received them.  *See* Statement of Material Facts at ¶22, 25.

Article 53 of the CISG requires Zigi to "pay the price for the goods and take delivery of them as required by the contract and [the CISG]."  *See also* CISG Art. 62. Article 58(1) states that "[i]f the buyer[, Zigi,] is not bound to pay the price at any other specific time, it must pay it when the seller[, Wenzhou,] places either the goods or documents controlling their disposition at the buyer's disposal in accordance with the contract and [the CISG]."  Because Zigi failed to perform its obligations under the CISG, as discussed below, and because Zigi authorized Wenzhou to deliver its shoes on every occasion, Zigi agreed to accept delivery of the shoes from Wenzhou, and Wenzhou has the right to "claim damages as provided in articles 74 to 77" of the CISG. *See* CISG Arts. 61(1)(b),  62.  "The CISG permits damages 'equal to the loss, including loss of profit, suffered by the other party as a consequence of the breach.'"  *See, e.g., Orica Austl. Pty. Ltd. v. Aston Evaporative Servs., LLC*, Civil Action No. 14-cv-0412-WJM-CBS, 2015 U.S. Dist. LEXIS 98248, at *23 (D. Colo. July 28, 2015) (citing CISG Article 74).  Article 78 of the CISG also permits Wenzhou to recover prejudgment and post judgment interest on the unpaid amount. *See, e.g., Hefei Ziking Steel Pipe Co. v. Meever & Meever*, CIVIL ACTION NO. 4:20-CV-00425, 2021 WL 4267162, 2021 U.S. Dist. LEXIS 178406, at *24 (S.D. Tex. Sept. 20, 2021).

Article 25 of the CISG states that "[a] breach of contract committed by one of the parties is fundamental if it results in such detriment to the other party as substantially to deprive him of what he is entitled to expect under the contract," in this case to be paid for the goods which Plaintiff delivered to the Defendant.

Moreover, in interpreting a contract subject to the CISG "when a question concerning a matter governed by [it] is not expressly settled in it, the question is to be settled in conformity with

the general principles on which [it] is based." *See* <u>Explanatory Note by the UNCITRAL Secretariat</u> <u>on the CISG</u>, *Part one. Scope of application and general provisions*, C. Interpretation of the Convention. "The CISG was adopted for the purpose of establishing 'substantive provisions of law to govern the formation of international sales contracts and the rights and obligations of the buyer and the seller.'" *Asante Techs. v. PMC-Sierra, Inc*., 164 F. Supp. 2d 1142, 1146, 1151 (N.D. Cal. July 27, 2001) (quoting U.S. Ratification of 1980 United Nations Convention on Contracts for the International Sale of Goods: Official English Text, 15 U.S.C. App. at 52 (1997))  The CISG's "intent can be discerned from the introductory text, which states that 'the adoption of uniform rules which govern contracts for the international sale of goods and take into account the different social, economic and legal systems would contribute to the removal of legal barriers in international trade and promote the development of international trade." *Id.* at 1151 (citing 15 *U.S.C. App*. at 53).  The CISG is applied so that parties to an international sales transaction are able "to predict the applicable law." *Id*. at 1151. The CISG "provides uniform rules to govern the questions that arise in making and performance of the contract" for the international sale of goods. *Id.* (quoting Secretary of State's Letter of Submittal of the CISG to the President).

### 2.  Delivery

It is not clear if Zigi intends to allege that the goods delivered by Wenzhou were untimely, as it did in its Answer at paragraphs 23-33 in *Strategy Enters. Ltd. v. Zigi USA LLC*, CASE NO. 21-23965-CIV-ALTONAGA/Torres, 2021 U.S. Dist. LEXIS 247530, at *4 (S.D. Fla. Dec. 29, 2021), *see* Statement of Facts at ¶5, but it is expected to do so.  The court will first discuss generally Zigi's duties under the CISG on delivery.  Later, it will discuss Zigi's duties respecting nonconformity/quality and untimely delivery.

In this case, Wenzhou delivered the goods to the carrier in China selected and as directed

by Zigi and for whom Zigi paid, and as a result Wenzhou lost any control over those goods once they were delivered to that carrier. *See* Statement of Facts at ¶¶9-11. The last date that the goods subject to purchase orders between Wenzhou and Zigi were delivered to a carrier for Zigi was February 2, 2022. *See* Statement of Facts at ¶21. All goods which Wenzhou delivered to Zigi's carrier were delivered after Wenzhou inspected them and determined that they met the terms of the agreement between Wenzhou and Zigi, and after a representative of Zigi inspected and approved the quality of the goods or had the opportunity to inspect them for Zigi. *See* Statement of Facts at ¶12.

Once the goods were handed over to a carrier, the risk of damage and untimely delivery for the goods which may have happened during the transportation of them passed to Zigi. *See, e.g.,* Statement of Facts at ¶11. With Wenzhou having delivered the goods as required by Zigi to its carrier, under Article 60(b) of the CISG, Zigi is required to do *"*all the acts which could reasonably be expected of [it] … in taking over the goods." In the instant case**,** the risk of late delivery or lack of care for the goods during delivery was assumed by Zigi from the time the goods were handed over to the approved Zigi selected carrier who issued the documents embodying the contract of carriage. *See* CISG Arts. 68 and 69. And, to paraphrase what Article 66 of the CISG says, "Loss of or damage to the goods after the risk has passed to the buyer does not discharge [Zigi] from [its] obligation to pay the price, unless the loss or damage is due to an act or omission of the seller."

### 3.  Lack of conformity to the contract – Quality and Timeliness

The only occasion when Zigi claimed goods delivered by Wenzhou were defective was for a delivery of shoes which Zigi claimed were moldy. Statement of Facts at ¶14. Under Article 36(1) of the CISG, Wenzhou is only "liable in accordance with the contract and [the CISG] for any lack of conformity which exists at the time when the risk passes to the buyer, even though the

lack of conformity becomes apparent only after that time."

Article 35 of the CISG controls breach of warranty claims. *See, e.g., Miami Valley Paper, LLC v. Lebbing Engineering & Consulting Gmbh,* No. 1:05-CV-00702, 2009 WL 818618, 2009 U.S. Dist. LEXIS 25201, at \*28 (S.D. Ohio, Mar. 26, 2009). Article 35 says (Emphasis added),

(1) The seller must deliver goods which are of the quantity, quality and description required by the contract and which are contained or packaged in the manner required by the contract.

(2) Except where the parties have agreed otherwise, the goods do not conform with the contract unless they:

(a) are fit for the purposes for which goods of the same description would ordinarily be used;
(b) are fit for any particular purpose expressly or impliedly made known to the seller at the time of the conclusion of the contract, except where the circumstances show that the buyer did not rely, or that it was unreasonable for him to rely, on the seller's skill and judgement;
(c) possess the qualities of goods which the seller has held out to the buyer as a sample or model;
(d) are contained or packaged in the manner usual for such goods or, where there is no such manner, in a manner adequate to preserve and protect the goods.
(e) *The seller is not liable under subparagraphs (a) to (d) of the preceding paragraph for any lack of conformity of the goods if, at the time of the conclusion of the contract, the buyer knew or could not have been unaware of such lack of conformity.*

In this case, all goods which Wenzhou delivered to Zigi's carrier were delivered after Wenzhou inspected them and determined that they met the terms of the agreement between Wenzhou and Zigi, and after a representative of Zigi inspected and approved the quality of the goods or had the opportunity to inspect them for Zigi, and, consequently, Zigi "knew or could not have been unaware of [any] lack of conformity" as to Zigi's quality requirements, if there was any. *See* Statement of Material Facts at ¶12. Consequently, Plaintiff cannot legally be liable under Article 35 of the CISG for any lack of quality conformity of the goods, even the moldy shoes which are not part of Wenzhou's claims in this case, as discussed below.

13

While Wenzhou does not know (a) if Zigi, inspected the specific container containing any moldy shoes and therefore  "knew or could not have been unaware" that the shoes were moldy at the time the shoes claimed to be moldy were delivered to Zigi, the buyer, or (b) if the moldy condition claimed by Zigi occurred during Zigi's control of the transportation of the shoes to the United States, Wenzhou is not, in any event, seeking any payment for the moldy shoes and has waived any claim that Zigi should pay for those shoes.  *See* Statement of Material Facts at ¶¶13-17.  Attached as Exhibit "A" to the Supplemental Affidavit and Declaration of Jian Huang in Support of Plaintiffs' Motion For Partial Summary Judgment Against Zigi USA, LLC as to Count I of the Complaint, attached to the Statement of Material Facts as Exhibit "E." is a debit memo signed by Wenzhou in the amount claimed by Zigi for moldy shoes indicating that Wenzhou would not claim any amount for shoes that were moldy when  delivered.  *See* Statement of Material Facts at ¶17.

Article 49 of the CISG discusses the duties of a buyer, such as Zigi, which must be complied with before it may avoid making payments pursuant to its contract with Wenzhou for both untimely delivery and quality of the goods delivered.  It says, as pertinent to the instant matter, in Article 49(2) that "in cases where the seller has delivered the goods, the buyer loses the right to declare the contract avoided[, thereby abrogating the buyer's obligation to pay,] unless [it] does so under Article 49(2)(a) in respect of late delivery, within a reasonable time after [it] has become aware that delivery has been made" and under Article 49(2)(b)(i) "in respect of any breach other than late delivery, within a reasonable time … after [it] knew or ought to have known of the breach."  Zigi did not declare the contract avoided.  *See also* Statement of Material Facts at ¶24.

An example of the purchase orders between Wenzhou and Zigi is attached as Exhibit "A" to the affidavits of Jian Huang and Jin Quan, Exhibits "A" and "B" to the Statement of Material

Facts. See Statement of Material Facts at ¶7. Respecting dates of delivery and quality of the goods, the purchase orders say,

> Please review all details on this purchase agreement and sign and return to us. By signing this agreement, the factory and/or agent confirm that the price is accurate, the delivery time is acceptable and agrees to meet all Zigi requirements for quality standards. The factory and/or Agent also agree to ship all goods on time as required with the data issued on the purchase order. Any issue with quality or delays in shipment will result in chargebacks, and/or the goods be shipped by airfreight at the factory and/or Agent cost.

The officers of Wenzhou testified that the dates of delivery on the purchase orders were expected or estimated dates of delivery. *See* Statement of Facts at ¶19. That the delivery dates were expected or estimated is supported by the fact that all goods were delivered in each case, even if not delivered on the date indicated in a purchase order, after Wenzhou informed Zigi that the goods were ready for shipment, only after Zigi inspected or had the opportunity to inspect and only after Zigi instructed Wenzhou to deliver them without stating that they should not be delivered due to the actual delivery date being past the contract date or due to the quality of the goods. *See* Statement of Facts at ¶¶10, 12.

Whether the dates on purchase orders were just estimated or expected dates or required delivery dates, by not objecting at the time that goods were delivered after being informed of the delivery, by approving the delivery to its carrier on the dates that all Wenzhou goods were delivered and by not avoiding the contract between the parties, Zigi either

(a)    modified the date of delivery in the purchase order as permitted under Article 11 of the CISG, because, as pointed out above, under the CISG "[a] contract of sale need not be concluded in or evidenced by writing and is not subject to any other requirement as to form," and "[i]t *may be proved by any means*, including witnesses," and "[t]he CISG, unlike American contract law, includes no parol-evidence rule, and 'allows all relevant information into evidence

even if it contradicts the written documentation,' " *see  Weihai Textile Group Imp. & Exp. Co.*, 2014 U.S. Dist. LEXIS 53688, at \*25 (citing *TeeVee Toons, Inc*, 2006 U.S. Dist. LEXIS 59455, at \*7), and a statute of frauds is not applicable under the CISG, *see, e.g., generally, Texmont Design LTD*, 2023 U.S. Dist. LEXIS 132779, or

(b)     voluntarily and intentionally relinquished, i.e. waived, any right it had to insist on timely delivery and any argument that the goods were not timely delivered.   "Waiver is the voluntary, intentional relinquishment of a known right." *See, e.g., Smith v. R.J. Reynolds Tobacco Co,*_ 880 F.3d 1272, 1280 (11th Cir. 2018) (citing *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1347 (11th Cir. 1994); *Wood v. Milyard*, 566 U.S. 463, 470 n.4, 132 S. Ct. 1826, 182 L. Ed. 2d 733 (2012)).

By authorizing Wenzhou to deliver its shoes to the carrier selected by Zigi and by not avoiding the purchase order contracts for any delivery from Wenzhou to it, Zigi did not meet the CISG Article 49(2)(a) requirement "in cases where the seller has delivered the goods,"  that it could only declare the contract avoided "within a reasonable time after [it became] aware that delivery has been made."  Because Zigi authorized Wenzhou to deliver the goods, it is obligated to pay for them even if, *arguendo*, the delivery did not meet the dates on purchase orders. Had Zigi not wanted them to be delivered due to some claim of untimeliness, it should have informed Wenzhou of that before the goods were delivered to the carrier chosen by Zigi. Zigi did not do so.

In addition,

a.     Zigi has not returned, attempted to return or notified Wenzhou that it wished to return any of the goods delivered by Wenzhou to Zigi, and Zigi has not made restitution of the goods substantially in the condition in which it received them,

b.     Wenzhou has received no notice from Zigi that goods delivered by

Wenzhou to Zigi did not conform to the terms of the agreement between them and specifying the nature of the lack of conformity, but in any event Wenzhou does not claim any amounts for any goods nonconforming as to quality, and

        c.    Zigi never notified Wenzhou, after it delivered goods to Zigi's carrier, that the purchase orders for which the delivery had been made were avoided, either because they were late or did not conform to quality requirements.  *See* Statement of Material Facts at ¶¶22-24.

    Zigi has also never made restitution of any part of the goods delivered by Wenzhou whether the goods were late or of an unsatisfactory quality,  *See* Statement of Material Facts at ¶25.  Consequently, as Zigi never made restitution, under Article 84 (2) of the CISG, Zigi was obligated to account to Wenzhou "for all benefits which [Zigi] has derived from the goods or part of them," which Zigi has never done.  *See* Statement of Material Facts at ¶¶25 - 27.  Because Wenzhou's right to an accounting is established under Article 84 of the CISG, Zigi has "the burden of establishing each credit or deduction by competent and substantial evidence."  *See, e.g., Rasmussen v. Cent. Fla. Council BSA, Inc*., Case No. 6:07-cv-1091-Orl-19GJ, 2008 WL 1744773, 2008 U.S. Dist. LEXIS 31063, at *11 (M.D. Fla. April 11, 2008) (citing *Beckerman v. Greenbaum,* 439 So. 2d 233, 236 (Fla 2d DCA 1983)).  That failure to account "for all benefits which [Zigi] has derived from the goods or part of them," a breach of the CISG, alone is sufficient for the Court to conclude that Zigi may not recover damages of any kind.

    "[T]he purpose of an accounting is to determine the amount due to the aggrieved party' and  to discover what, if any, sums are owed to the plaintiff."  *See, e.g., Uhlig, LLC v. Shirley*, Civil Action No. 6:08-cv-01208-JM, 2012 WL 2711505, 2012 U.S. Dist. LEXIS 94006, at *6-7 (D. S.C. July 9, 2012) (even so holding under the facts of that case that an accounting would not be had); *Bongiovanni v. State Farm Fin. Servs*., CV-15-00566-MWF (SSx), 2015 WL 13916261,

2015 U.S. Dist. LEXIS 200698, at *20 (C.D. Cal. July 22, 2015)  (citing *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 180, 92 Cal. Rptr. 3d 696 (2009)).  Another "purpose of an accounting is to disgorge profits gained through wrongful conduct," *see, e.g., Eckel Indus. v. Primary Bank*, 26 F. Supp. 2d 313, 318 (D. N.H. 1998), such as keeping goods and not paying for them, including where fraud, as alleged in the Complaint (ECF No. 1) at ¶¶20 - 33, is involved.

In addition to Zigi being required by the CISG to give an accounting because there is no restitution of the goods to Wenzhou, an accounting is particularly important in a case such as this when there are so many documents involved and when control of the goods passes from the seller, Wenzhou, to the buyer, Zigi, and the seller, Wenzhou, cannot know whether, for example, the goods which may have been "untimely" delivered or of "poor quality" were subsequently sold, destroyed or are maintained by Zigi in stock for later sale.   So, for example, one federal court, discussing Maryland law respecting why there should be an accounting, focused on the fact, as here, that the duty to render an accounting rests on the party which  knows those facts and has records which are known and kept exclusively by that party.  *See, e.g., Gruppo Essenziero Italiano, S.p.A. v. Aromi D'Italia, Inc.*, Civil No. CCB-08-65,  2011 WL 3207555, 2011 U.S. Dist. LEXIS 82217, at *20 (D. Md. July 27, 2011) (citing *P.V. Props., Inc. v. Rock Creek Village Assocs. Ltd. P'ship*, 77 Md. App. 77, 549 A.2d 403, 409 (Md. Ct. Spec. App. 1988) (in turn citing *Gianakos v. Magiros,* 238 Md. 178, 208 A.2d 718 (1965)).   "The one obliged to account does not fulfill his duty by supplying only that which the beneficiary requests, that which is conveniently accessible, or remaining silent  in the face of the [one demanding an accounting] inevitable difficulty in trying to construct or reconstruct accounts which ought to have been kept and available."  *Bynum v. Baggett Transp. Co.*, 228 F.2d 566, 573-574 (5th Cir. 1956).

**E.      Conclusion**

Because there are no genuine issues of fact as to the requested partial summary judgment with damages as to Count 1 of the Complaint, this Court will grant partial summary judgment with damages as to that Count.  The Motion and supporting materials—including the facts considered undisputed—show that the Plaintiff, Wenzhou Delang Imp. & Exp. Trade Co., Ltd**.**, is entitled to it.

Having concluded the above , **it is ORDERED AND ADJUDGED:**

1.      Plaintiff's Motion For Partial Summary Judgment against Zigi USA, LLC as to Count 1 of the Complaint is granted.

2.      Judgment is entered for Plaintiff, Wenzhou Delang Imp. & Exp. Trade Co., Ltd., against Defendant, Zigi USA LLC, in the amount of $1,158,767.35.

3.      The Court reserves jurisdiction as to all other matters, including but not limited to attorney's fees, interest, cost and any other such relief the Court deems necessary and proper.

**DONE AND ORDERED** in Miami, Florida this _____ day of _____ 2023.

_____
K. Michael Moore
United States District Judge

Cc:      counsel of record

19